TYSON, Judge.
*482 Mark Allan Biddix ("Defendant") appeals from judgment entered following his plea of guilty to manufacturing methamphetamine, two counts of conspiracy to manufacture methamphetamine, ten counts of possession of an immediate precursor chemical used to manufacture methamphetamine, and continuing a criminal enterprise. Defendant does not have a statutory right to appeal the issue he has raised. This issue Defendant presents is also not listed as eligible for review to issue *483 a writ of certiorari pursuant to Appellate Rule 21. In our discretion, we decline to invoke Appellate Rule 2 to suspend the requirements of Rule 21. We deny Defendant's petition for writ of certiorari, and dismiss the appeal.
I. Background
On 20 May 2014, Defendant appeared before the Catawba County Superior Court and entered pleas of guilty to manufacturing methamphetamine, two counts of conspiracy to manufacture methamphetamine, ten counts of possession of an immediate precursor chemical used to manufacture methamphetamine, and continuing a criminal enterprise. Defendant also admitted to the existence of one statutory aggravating factor, that "defendant knowingly created a great risk of death to more than one person by means of a weapon or device which would normally be hazardous to the lives of more than one person." This aggravating factor was alleged in one of the three bills of indictment issued by the grand jury.
At the plea hearing, the trial court conducted a colloquy with Defendant pursuant to N.C. Gen.Stat. § 15A-1022. During the colloquy, Defendant stated he was aware that he was pleading guilty to the fourteen charged felonies and admitting to the existence of the aggravating factor in exchange for a consolidated, active sentence. Defendant was informed that the mandatory and minimum punishments were an active sentence of 58 months and the maximum punishment was 1,500 months in the Department of Correction. He was also informed that any sentence actually imposed rested within the discretion of the trial court. Defendant stated in open court that he understood the terms of the plea arrangement.
The prosecutor recited the factual basis for the plea. Defendant stipulated to the factual basis for entry and acceptance of the plea. Defendant and numerous other individuals manufactured methamphetamine inside a residence in the town of Long View, North Carolina. A search warrant was issued for the residence. Upon execution of the search, law enforcement discovered an operational methamphetamine lab. Chemicals used in the manufacturing of methamphetamine, such as pseudoephedrine and lithium, were found inside the residence. Defendant was responsible for the manufacturing of the drug. Following the State's recitation of the *865 factual basis, defense counsel stated to the court:
[Defendant] understands how dangerous it was. He understands the aggravating factors that have been presented. He understands the danger that he presented to others *484 and himself and he's asking the Court to accept the active sentence on the Class C and to consider in mitigation that he cooperated when he was asked and that ... his felony record is non-existent up until this point.
Under the "Plea Arrangement" section on the Transcript of Plea form, the document states, "SEE ATTACHED PLEA ARRANGEMENT." A document entitled "Plea Arrangement" attached to the Transcript of Plea states:
The defendant shall plead guilty to the charges listed in the "Pleas" section on the Transcript of Plea. The defendant stipulates that he is a prior record level III with 6 prior points for felony sentencing purposes. The State does not oppose a consolidated active sentence judgment which shall be in the discretion of the Court.
In exchange for this plea and the State not seeking aggravating factors that may apply to this case, the defendant expressly waives the right to appeal the conviction and whatever sentence is imposed on any ground, including any appeal right conferred by Article 91 of the Criminal Procedure Act, and to further waive any right to contest the conviction or sentence in any post-conviction proceeding under Articles 89 and 92 of the Criminal Procedure Act, excepting the defendant's right to appeal for (1) ineffective assistance of counsel, (2) prosecutorial misconduct, (3) a sentence in excess of the statutory maximum, and (4) a sentence based on an unconstitutional factor, such as race, religion, national origin, or gender.
This plea agreement shall be revocable by the State upon defendant's filing of an appeal and the defendant hereby expressly waives his statutory rights that may apply under 15A-1335.
(emphasis supplied).
The "Plea Arrangement" document is dated 20 May 2014, the day of Defendant's plea hearing, and is signed by Defendant, defense counsel, and the assistant district attorney. At sentencing, the trial court did not address the language of the "Plea Arrangement" under which the State agreed to refrain from seeking aggravating factors, which may apply to this case. The court determined defendant's plea was entered voluntarily. "Consistent with the arrangement and recommendation,"
*485 the court consolidated Defendant's fourteen convictions into one Class C felony judgment.
The court found the existence of one aggravating factor as stipulated by Defendant, and one mitigating factor. The court determined the factor in aggravation outweighed the factor in mitigation, and sentenced defendant within the aggravated range to a minimum of 100 and a maximum of 132 months in prison. No objection or question was raised before the trial court to challenge the sentence imposed. Defendant appeals.
II. Issues
Defendant argues the trial court erred by accepting his guilty plea as a product of his informed choice, where the terms of Defendant's written plea agreement are contradictory.
III. Right of Appeal
The State has filed a motion to dismiss Defendant's appeal, and argues two separate grounds in support of dismissal: (1) Defendant has no statutory right to appeal from his guilty plea; and, (2) Defendant failed to give timely notice of appeal. We agree that Defendant does not have a statutory right to appeal from the conviction entered upon his guilty plea.
Absent statutory authority, a defendant does not have any right to appeal from judgment entered upon his conviction. State v. Pimental, 153 N.C.App. 69, 72, 568 S.E.2d 867, 869, disc. review denied, 356 N.C. 442, 573 S.E.2d 163 (2002). A defendant's right to appeal in a criminal proceeding is entirely a creation of state statute. Id. The North Carolina General Statutes must specifically set forth the right for a criminal defendant to appeal. Id.
A. N.C. Gen.Stat. § 15A-1444
N.C. Gen.Stat. § 15A-1444 governs a defendant's right to appeal from judgment entered *866 upon a plea of guilty. A defendant, who has entered a plea of guilty or no contest in superior court, is entitled to appeal as a matter of right the issue of whether the sentence imposed: (1) results from an incorrect finding of his prior record level; (2) contains a type of sentence disposition that is not statutorily authorized for his class of offense and prior record level; or (3) contains a term of imprisonment that is not statutorily authorized for his class of offense and prior record level. N.C. Gen.Stat. § 15A-1444(a2) (2013). The statute further provides:
(e) Except as provided in subsections (a1) and (a2) of this section and G.S. 15A-979 [pertaining to appeals from *486 motions to suppress], and except when a motion to withdraw a plea of guilty or no contest has been denied, the defendant is not entitled to appellate review as a matter of right when he has entered a plea of guilty or no contest to a criminal charge in the superior court, but he may petition the appellate division for review by writ of certiorari....
N.C. Gen.Stat. § 15A-1444(e) (2013).
The issue Defendant has raised on appeal pertains to the voluntariness of his guilty plea and is not listed as a ground for a statutory appeal under N.C. Gen.Stat. § 15A-1444. Defendant petitioned this Court to issue the writ of certiorari to review the merits of his appeal and has cited subsection (e) of the statute. Defendant's petition for writ of certiorari was filed contemporaneously with his brief. Whether to allow a petition and issue the writ of certiorari is not a matter of right and rests within the discretion of this Court. N.C. R.App. P. 21(a)(1).
B. Appellate Rule 21
Although N.C. Gen.Stat. § 15A-1444(e) states a defendant who enters a guilty plea may seek appellate review by certiorari, Appellate Rule 21(a)(1) is entitled "Certiorari," and provides the procedural basis to grant petitions for writ of certiorari under the following situations: (1) "when the right to prosecute an appeal has been lost by failure to take timely action;" (2) "when no right of appeal from an interlocutory order exists;" or (3) to "review pursuant to [N.C. Gen.Stat.] § 15A-1422(c)(3) of an order of the trial court ruling on a motion for appropriate relief." N.C. R.App. P. 21(a)(1) (2015). Defendant's petition under N.C. Gen.Stat. § 15A-1444(e) does not invoke any of the three grounds set out in Appellate Rule 21(a)(1).
The relationship between Appellate Rule 21 and N.C. Gen.Stat. § 15A-1444 has been addressed by many prior precedents.
Where a defendant has no appeal of right, our statute provides for defendant to seek appellate review by a petition for writ of certiorari. N.C. Gen.Stat. § 15A-1444(e). However, our appellate rules limit our ability to grant petitions for writ of certiorari to cases where: (1) defendant lost his right to appeal by failing to take timely action; (2) the appeal is interlocutory; or (3) the trial court denied defendant's motion for appropriate relief. N.C. R.App. P. 21(a)(1) (2003). In considering appellate Rule 21 and *487 N.C. Gen.Stat. § 15A-1444, this Court reasoned that since the appellate rules prevail over conflicting statutes, we are without authority to issue a writ of certiorari except as provided in Rule 21.
State v. Jones, 161 N.C.App. 60, 63, 588 S.E.2d 5, 8 (2003) (citations omitted); see also State v. Nance, 155 N.C.App. 773, 775, 574 S.E.2d 692, 693-94 (2003) (citations omitted) ("[D]efendant does not have a right to appeal the issue presented here under G.S. § 15A-1444(a)(a1) or (a)(a2), and this Court is without authority under N.C. R.App. P. 21(a)(1) to issue a writ of certiorari."); State v. Jamerson, 161 N.C.App. 527, 529, 588 S.E.2d 545, 547 (2003) (holding where defendant entered a guilty plea, this Court is "without authority to review either by right or by certiorari the trial court's denial of defendant's motion to dismiss the habitual felon indictment or defendant's assertion the judgment violates his constitutional rights"); State v. Dickson, 151 N.C.App. 136, 138, 564 S.E.2d 640, 641 (2002) ("this Court is without authority to issue a writ of certiorari" where the defendant had no statutory right to appeal from his guilty plea, and "had not failed to take timely action, is not attempting to appeal from an interlocutory order, and is not seeking review pursuant to N.C. Gen.Stat. § 15A-1422(c)(3)"); accord State v.
*867 Ledbetter, --- N.C.App. ----, ----, 779 S.E.2d 164, 168-69 (2015), State v. Miller, --- N.C.App. ----, ----, 777 S.E.2d 337, 341 (2015) ; State v. Sale, 232 N.C.App. 662, 664-66, 754 S.E.2d 474, 477-78 (2014) ; State v. Mungo, 213 N.C.App. 400, 404, 713 S.E.2d 542, 545 (2011) ; State v. Smith, 193 N.C.App. 739, 742, 668 S.E.2d 612, 614 (2008) ; State v. Hadden, 175 N.C.App. 492, 497, 624 S.E.2d 417, 420, cert. denied, 360 N.C. 486, 631 S.E.2d 141 (2006).
Defendant cites cases in which prior panels of this Court issued a writ of certiorari to review issues pertaining to entry of the defendant's guilty plea, even though the defendant had no statutory right to appeal under N.C. Gen.Stat. § 15A-1444(a). See, e.g., State v. Rhodes, 163 N.C.App. 191, 592 S.E.2d 731 (2004) (holding this Court could issue the writ of certiorari to review the defendant's challenge to the trial court's procedures employed in accepting his guilty plea); State v. Demaio, 216 N.C.App. 558, 563-64, 716 S.E.2d 863, 866-67 (2011) (holding this Court could issue the writ of certiorari to review the defendant's argument that his plea was not the product of informed choice); see also State v. Blount, 209 N.C.App. 340, 345, 703 S.E.2d 921, 925 (2011) ; State v. Keller, 198 N.C.App. 639, 641, 680 S.E.2d 212, 213 (2009) ; State v. Carriker, 180 N.C.App. 470, 471, 637 S.E.2d 557, 558 (2006) ; State v. Carter, 167 N.C.App. 582, 585, 605 S.E.2d 676, 678 (2004) ;
*488 State v. O'Neal, 116 N.C.App. 390, 394-95, 448 S.E.2d 306, 310, disc. review denied, 338 N.C. 522, 452 S.E.2d 821 (1994).
In State v. Bolinger, the defendant contended the trial judge violated N.C. Gen.Stat. § 15A-1022 by accepting his guilty plea. 320 N.C. 596, 601, 359 S.E.2d 459, 462 (1987). Our Supreme Court held that "defendant is not entitled as a matter of right to appellate review of his contention that the trial court improperly accepted his guilty plea." Id. at 601, 359 S.E.2d at 462. The Court further held that "[d]efendant may obtain appellate review of this issue only upon grant of a writ of certiorari." Id. Defendant Bolinger failed to petition the Court for a writ of certiorari, and the Court sua sponte elected to review the merits of the defendant's argument. Id. at 601-02, 359 S.E.2d at 462.
The Court in Bolinger does not cite nor address the three grounds set forth to issue the writ of certiorari under Appellate Rule 21. The Court stated: "Neither party to this appeal appears to have recognized the limited bases for appellate review of judgments entered upon pleas of guilty. For this reason we nevertheless choose to review the merits of defendant's contention." Id.
In cases which precede Bolinger, our Supreme Court has specifically stated where an apparent conflict exists between the General Statutes and the Appellate Rules, the Appellate Rules control. State v. Bennett, 308 N.C. 530, 535, 302 S.E.2d 786, 790 (1983) ; State v. Elam, 302 N.C. 157, 160-61, 273 S.E.2d 661, 664 (1981).
In State v. Ahearn, the defendant pled guilty to voluntary manslaughter and felonious child abuse. 307 N.C. 584, 601, 300 S.E.2d 689, 699 (1983). He argued the trial court erred in its determination of aggravating factors, and by accepting his guilty plea without a proper factual basis. Id. at 586, 300 S.E.2d at 689. With regard to the court's acceptance of Ahearn's guilty plea, and unlike here, without defendant filing a petition for writ of certiorari, the Supreme Court cited N.C. Gen.Stat. § 15A-1444(e), and stated, "if we are to consider this assignment of error, we must treat it as a petition for writ of certiorari, which we do." Id. at 605, 300 S.E.2d at 702.
In neither Ahearn nor Bolinger, does the opinion cite, address, or analyze the requirements of Appellate Rule 21. In cases where this Court issued the writ of certiorari to review issues surrounding guilty pleas under N.C. Gen.Stat. § 15A-1444(e), this Court also did not cite nor analyze the three grounds set forth in Appellate Rule 21 to issue the writ, or determine whether the facts or petition applied to the stated grounds. Other panels of this Court allowed certiorari by citing Bolinger *489 and reached the merits of the defendants' arguments pursuant to N.C. Gen. Stat § 15A-1444(e) for grounds not set forth in N.C. Gen.Stat. § 15A-1444(a) or Appellate Rule 21 without expressly suspending the Appellate Rules. See e.g., Demaio, 216 N.C.App. at 563-64, 716 S.E.2d at 866-67. *868 C. Appellate Rule 2
Although the aforementioned cases do not cite nor discuss Appellate Rule 2, Rule 2 allows the appellate courts to suspend the requirements of the appellate rules, including Rule 21, to review an issue "[t]o prevent manifest injustice to a party." N.C. R.App. P. Rule 2.
Appellate Rule 2 provides:
To prevent manifest injustice to a party, or to expedite decision in the public interest, either court of the appellate division may, except as otherwise expressly provided by these rules, suspend or vary the requirements or provisions of any of these rules in a case pending before it upon application of a party or upon its own initiative, and may order proceedings in accordance with its directions.
Id.
The appellate rules "shall not be construed to extend or limit the jurisdiction of the courts of the appellate division as that is established by law." N.C. R.App. P. Rule 1(c) ; see also Bailey v. North Carolina, 353 N.C. 142, 157, 540 S.E.2d 313, 323 (2000) (citations omitted) (noting "suspension of the appellate rules under Rule 2 is not permitted for jurisdictional concerns"). Under Appellate Rule 2, this Court has "discretion to suspend the appellate rules either 'upon application of a party' or 'upon its own initiative.' " Bailey, 353 N.C. at 157, 540 S.E.2d at 323.
Appellate Rule 2 "relates to the residual power of our appellate courts to consider, in exceptional circumstances, significant issues of importance in the public interest, or to prevent injustice which appears manifest to the Court and only in such instances." Steingress v. Steingress, 350 N.C. 64, 66, 511 S.E.2d 298, 299-300 (1999). This Court's discretionary exercise to invoke Appellate Rule 2 is "intended to be limited to occasions in which a 'fundamental purpose' of the appellate rules is at stake, which will necessarily be 'rare occasions.' " State v. Hart, 361 N.C. 309, 316, 644 S.E.2d 201, 205 (2007) (citations omitted).
On the record before us, Defendant has not demonstrated, and we do not find, the "exceptional circumstances" necessary to exercise our *490 discretion to invoke Appellate Rule 2 to suspend the requirements of Rule 21 to issue the writ to reach the merits of Defendant's argument by certiorari. Steingress, 350 N.C. at 66, 511 S.E.2d at 299-300.
This Court has previously recognized the Court may implement Appellate Rule 2 to suspend Rule 21 and grant certiorari, where the three grounds listed in Appellate Rule 21 to issue the writ do not apply. In State v. Starkey, 177 N.C.App. 264, 268, 628 S.E.2d 424, 426 (2006), the State appealed from an order granting the trial court's own motion for appropriate relief. The Court cited Pimental and Appellate Rule 21, and stated the Court is procedurally limited to granting the writ of certiorari to the three circumstances set forth in the Rule, unless the Rule is suspended. Id. at 268, 628 S.E.2d at 426. The Court further stated:
The State recognizes that its petition does not satisfy any of the conditions of Rule 21 and asks this Court to invoke Rule 2 of the North Carolina Rules of Appellate Procedure and review the trial court's order. See N.C. R.App. P. 2 (granting this Court the authority to suspend the rules of appellate procedure to prevent manifest injustice to a party). We decline the State's request to invoke Rule 2 and deny the State's Petition for Writ of Certiorari.
Id.
Using Rule 2 to suspend the requirements of Rule 21 provides the appellate courts with a procedure to "prevent manifest injustice to a party." N.C. R.App. P. 2. This procedure also allows what may be disparate and apparently conflicting decisions of this Court to be harmonized.
D. State v. Stubbs
The concurring and dissenting opinion asserts the Supreme Court "held that this Court had jurisdiction to grant a petition for writ of certiorari even though it did not fall within the scope of Rule 21" in State v. Stubbs, 368 N.C. 40, 770 S.E.2d 74 (2015). The Stubbs case is factually and legally distinguishable from the facts and issues before us.
While we agree this Court retains jurisdiction, the issues before the Court in Stubbs do not pertain to the entry of a guilty plea. The *869 opinion does not analyze whether the defendant had a right to appellate review following a guilty plea, or whether the defendant could seek review by certiorari under either N.C. Gen.Stat. § 15A-1444(e) or Appellate Rule 21.
In Stubbs, the defendant had filed a motion for appropriate relief, and argued his life sentence constituted cruel and unusual punishment *491 under the Eighth Amendment. The trial court granted the defendant's motion for appropriate relief, vacated the defendant's sentence, and resentenced him to a term of thirty years with credit for time served. Id. at 41, 770 S.E.2d at 75.
The State sought appellate review of the trial court's order and filed a petition for writ of certiorari in this Court. Id. The State's appeal before this Court resulted in the issuance of a lead opinion, a concurring opinion, and a dissenting opinion. State v. Stubbs, 232 N.C.App. 274, 754 S.E.2d 174 (2014), aff'd, 368 N.C. 40, 770 S.E.2d 74 (2015). The lead opinion determined it was proper to consider the State's appeal by certiorari "because one panel of this Court has previously decided the jurisdictional issue by granting the State's petition for a writ of certiorari to hear the appeal, we cannot overrule that decision." Id. at 278, 754 S.E.2d at 177 n. 2. According to the concurring opinion, this Court's subject matter jurisdiction to issue writs of certiorari is not limited to the circumstances set forth in Rule 21. Id. at 287, 754 S.E.2d at 183. The dissenting opinion held this Court was without jurisdiction to hear the State's arguments by direct appeal or by certiorari where the defendant did not have a statutory right of appeal and none of the three grounds set forth in Appellate Rule 21 applied. Id. at 294, 754 S.E.2d at 187.
The issue before the Supreme Court was whether this Court had subject matter jurisdiction to issue the writ of certiorari to review the State's appeal from the trial court's order granting the defendant's motion for appropriate relief. Stubbs, 368 N.C. at 41, 770 S.E.2d at 75.
The General Assembly set forth the circumstances in which an appeal from the trial court's ruling on a motion for appropriate relief may be taken in N.C. Gen.Stat. § 15A-1422(c) :
(c) The court's ruling on a motion for appropriate relief pursuant to G.S. 15A-1415 is subject to review:
(1) If the time for appeal from the conviction has not expired, by appeal.
(2) If an appeal is pending when the ruling is entered, in that appeal.
(3) If the time for appeal has expired and no appeal is pending, by writ of certiorari.
(emphasis supplied). In Stubbs, the State's appeal fell under subsection (c)(3). The Court stated the jurisdiction accorded by this statute "does not distinguish between an MAR when the State prevails below and an *492 MAR under which the defendant prevails." Id. at 43, 770 S.E.2d at 76. The Supreme Court held the appellate courts "ha[ve] jurisdiction to hear an appeal by the State of an MAR when the defendant has won relief from the trial court." Id.
After the Court determined the General Assembly had granted appellate courts jurisdiction to hear the State's appeal, the Court next addressed whether the State's appeal was permitted by the Rules of Appellate Procedure. Appellate Rule 21 formerly allowed the grant of certiorari "for review pursuant to N.C.G.S. § 15A-1422(c)(3) of an order of the trial court denying a motion for appropriate relief." N.C. R.App. P. 21 (2013). The defendant in Stubbs argued that under the language of the Rule, the State could not appeal from an order granting a motion for appropriate relief. Id.
The Supreme Court disagreed and stated:
As stated plainly in Rule 1 of the Rules of Appellate Procedure, "[t]hese rules shall not be construed to extend or limit the jurisdiction of the courts of the appellate division as that is established by law." [ N.C. R.App. P. 1(c) ]. Therefore, while Rule 21 might appear at first glance to limit the jurisdiction of the Court of Appeals, the Rules cannot take away jurisdiction given to that court by the General Assembly in accordance with the North Carolina Constitution.
Id. at 44, 770 S.E.2d at 76.
This case is distinguishable from Stubbs because issuance of a writ of certiorari under N.C. Gen.Stat. § 15A-1422(c) is specifically *870 stated in Rule 21, and Rule 21 specifically allows for the writ of certiorari to issue to review rulings on motions for appropriate relief. On its face, prior to the amendment to Appellate Rule 21 and prior to when Stubbs was filed, Rule 21 limited the issuance of certiorari to those orders denying the motion for appropriate relief. The statute conferred jurisdiction on this Court to review rulings on motions for appropriate relief, and the language of the Rule listed procedures under which we exercise the statutory jurisdiction.
The Supreme Court amended Rule 21 to permit review of all rulings on motions for appropriate relief in accordance with the language of N.C. Gen.Stat. § 15A-1422(c)(3). N.C. R.App. P. 21 (2015). The Rule 21 amendment was effective and binding the day the Stubbs opinion was filed.
*493 The General Assembly has enacted:
The Court of Appeals has jurisdiction, exercisable by one judge or by such number of judges as the Supreme Court may by rule provide, to issue the prerogative writs, including mandamus, prohibition, certiorari, and supersedeas, in aid of its own jurisdiction, or to supervise and control the proceedings of any of the trial courts of the General Court of Justice, and of the Utilities Commission and the Industrial Commission. The practice and procedure shall be as provided by statute or rule of the Supreme Court, or, in the absence of statute or rule, according to the practice and procedure of the common law.
N.C. Gen.Stat. § 7A-32(c) (2013) (emphasis supplied).
While statutes, such as N.C. Gen.Stat. § 1444(e), confer the jurisdiction upon this Court to hear appeals and grant the prerogative writs, the Supreme Court, through the Appellate Rules, has set forth the "practice and procedure" under which that jurisdiction may be exercised. Id.
For instance, while this Court retains and exercises jurisdiction to hear appeals from the trial courts as conferred by the General Statutes, the appeal will not be heard without the appellant's compliance with the "practice and procedure " set forth in Appellate Rule 9 for filing a sufficient record on appeal. N.C. R.App. P. 9.
Appellate Rule 21 does not address guilty pleas or N.C. Gen.Stat. § 15A-1444(e). It does not provide a procedural avenue for a party to seek appellate review by certiorari of an issue pertaining to the entry of a guilty plea. On 10 April 2015, and effective that date, the Supreme Court amended Rule 21. The language of the Rule was changed to allow certiorari to issue "for review pursuant to N.C.G.S. § 15A-1422(c)(3) of an order of the trial court ruling on a motion for appropriate relief." N.C. Rule App. P. 21 (2015). The Supreme Court did not amend Appellate Rule 21 to allow a petition and issue the writ of certiorari to review orders entered on guilty pleas, or to otherwise permit the issuance of the writ of certiorari. The amendment to Rule 21 was in effect when the Stubbs opinion was filed. Id. Such amendment would have been wholly unnecessary under the dissenting opinion's analysis.
*494 IV. Conclusion
Defendant does not raise any of the grounds as are set forth in N.C. Gen.Stat. § 15A-1444(a2). He does not have a statutory right to appeal from the judgment entered upon his guilty plea.
The provisions of Appellate Rule 21, which provide the appropriate "practice [s] and procedure[s]" for this Court to issue a writ of certiorari, guide our processes to exercise our jurisdiction as provided by § 15A-1444(e). Bennett, 308 N.C. at 535, 302 S.E.2d at 790 ; Elam, 302 N.C. at 160-61, 273 S.E.2d at 664 ; Ledbetter, --- N.C.App. at ----, 779 S.E.2d at 168-69 ; Sale, 232 N.C.App. at 664-66, 754 S.E.2d at 477-78.
The issue Defendant has raised is not stated as a basis for the issuance of the writ of certiorari under Appellate Rule 21. Defendant received a sentence entirely consistent with his guilty plea, acknowledgement of an aggravating factor, and understanding the sentence actually imposed rested within the discretion of the trial court. Defendant did not seek to withdraw his plea or seek a continuance allowed by statute. See N.C. Gen.Stat. § 15A-1023 (2013).
Even though we retain jurisdiction by statute, in the exercise of our discretion, we decline to invoke Appellate Rule 2 to suspend the procedural requirements under Rule 21 *871 of the Appellate Rules to grant the writ of certiorari to review defendant's argument. Defendant's petition for writ of certiorari is denied and his appeal is dismissed.
DENIED and DISMISSED.
Judge BRYANT concurs.
Judge GEER concurs in part and dissents in part in separate opinion.