ZACHARY, Judge.
 

 *39
 
 Mario Donye Gullette (defendant) appeals from the judgment entered upon his conviction of trafficking in heroin and having attained the status of a habitual felon. On appeal, defendant argues that the trial court erred by denying his motion to suppress "any in-court and out-of-court identifications conducted in violation of the Eyewitness Identification Reform Act." We have carefully reviewed the record and the transcript of the proceedings in this case, and conclude that defendant did not preserve this issue for appellate review. Accordingly, we do not reach the merits of defendant's argument. Given that this is the only basis upon which defendant has challenged his convictions, we conclude that defendant had a fair trial, free of reversible error.
 

 I. Factual and Procedural Background
 

 On 8 April 2014, Charlotte-Mecklenburg Police Officer Charlie Davis was acting as an undercover detective who was assigned to make a purchase of heroin from a suspected drug dealer. In the course of this investigation, Officer Davis met with defendant, who sold the officer heroin
 
 *40
 
 for which Officer Davis paid $600. The day after the undercover drug buy, another officer showed Officer Davis a photograph of defendant and Officer Davis confirmed that the photograph depicted the person from whom he had purchased the drugs. Officer Davis had not met defendant prior to conducting the undercover purchase. However, during the sale, Officer Davis spent several minutes in close proximity to defendant, and identified defendant in court as the man who had sold him the heroin.
 

 On 13 October 2014, the Mecklenburg County Grand Jury indicted defendant for trafficking in heroin by selling a quantity of heroin greater than four grams but less than fourteen grams. On 27 July 2015, defendant was indicted for being a habitual felon. On 15 December 2015, defendant filed a motion to suppress "both the in-court and out-of-court identification" of defendant by Officer Davis, on the grounds that when another officer showed Officer Davis a photograph of defendant, this constituted "a 'show up' procedure seeking identification of the defendant" that was "unnecessarily suggestive" and that was conducted "in deliberate disregard of the
 
 *398
 
 identification procedures required by the Eyewitness Identification Reform Act."
 

 The charges against defendant came on for trial at the 18 January 2016 criminal session of Mecklenburg County Superior Court before the Honorable Hugh B. Lewis, judge presiding. Immediately prior to trial, the trial court conducted a hearing on defendant's suppression motion. The court heard testimony from the law enforcement officers involved in the investigation that resulted in defendant's arrest. The arguments of counsel focused on whether the provisions of the Eyewitness Identification Reform Act, N.C. Gen. Stat. § 15A-284.52 (2015), applied to the facts of this case. The State argued that under the version of N.C. Gen. Stat. § 15A-284.52 in effect at the time that Officer Davis was shown a photograph of defendant, "a single photo did not constitute a lineup and did not fall under the [Eyewitness Identification Reform Act]." The prosecutor cited several cases from this Court in support of this position. The prosecutor also argued that in a subsequent amendment to the Eyewitness Identification Reform Act, under which the Act would arguably be applicable to the situation in this case, the General Assembly explicitly stated that the amended version of the statute was "effective December 1
 
 st
 
 of 2015 and applies to anything after that date."
 

 Defendant did not dispute the accuracy of the State's characterization of the history of the Eyewitness Identification Reform Act. Instead, defendant asserted that the State was asking the trial court to "use a technicality in the statute" and asserted that he did not "believe the intent of the legislature was merely to give somebody who was in court
 
 *41
 
 on November 30th, versus someone who was in court on December 1st, different treatment." Thus, defendant argued that for equitable reasons the trial court should apply the current version of the statute to this case, despite the fact that the show-up took place prior to the effective date of the amendment.
 

 After hearing the law enforcement officers' testimony and the arguments of counsel, the trial court ruled that it was denying defendant's motion to suppress. The court found that Officer Davis was an experienced law enforcement officer who had been in defendant's presence during the sale of heroin. Regarding the applicability of the Eyewitness Identification Reform Act, the trial court stated that:
 

 [T]he Court concludes that the identification by Detective Davis on April 9 of 2014 was appropriate and followed the law that was enforced on that date. The Court also finds that the photo lineup act, as is presently enforced and came into force on December the 1st, 2015, was not in place or applicable law at the time of the identification by Detective Davis.
 

 During the trial, Officer Davis testified about his undercover purchase of heroin from defendant and about the photograph of defendant that he was shown the following day. Defendant did not object when Officer Davis identified defendant as the person from whom he had bought heroin, or when the officer testified about the photograph of defendant he had been shown the following day. Nor did defendant object when the State introduced the photograph into evidence.
 

 Following the presentation of evidence, the arguments of counsel, and the instructions from the trial court, the jury returned a verdict finding defendant guilty of trafficking in heroin. Thereafter, defendant entered a plea of guilty to having the status of a habitual felon, and the trial court imposed a sentence of 88 to 118 months' imprisonment. Defendant gave notice of appeal in open court.
 

 II. Preservation of Alleged Error
 

 Defendant's sole argument on appeal is that the trial court erred by denying his motion to suppress Officer Davis' identification of defendant as the person from whom he made an undercover purchase of heroin. Defendant contends that the trial court erred by ruling that the current version of N.C. Gen. Stat. § 15A-284.52 was not applicable to the instant case. The State argues on appeal that "Defendant's argument on appeal should be barred" because defendant failed to preserve the issue for
 
 *42
 
 review or to argue that it constituted plain error. We agree with the State and conclude that defendant has failed to preserve this issue for our review.
 
 *399
 
 N.C. R. App. P. 10(a)(1) (2015) provides in relevant part that "to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make" and that it "is also necessary for the complaining party to obtain a ruling upon the party's request, objection, or motion." "The law in this State is now well settled that 'a trial court's evidentiary ruling on a pretrial motion [to suppress] is
 
 not
 
 sufficient to preserve the issue of admissibility for appeal unless a defendant renews the objection during trial.' "
 
 State v. Hargett
 
 ,
 
 241 N.C. App. 121
 
 , 124-125,
 
 772 S.E.2d 115
 
 , 119 (quoting
 
 State v. Oglesby
 
 ,
 
 361 N.C. 550
 
 , 554,
 
 648 S.E.2d 819
 
 , 821 (2007) (citations omitted; emphasis in original)),
 
 cert. denied
 
 ,
 
 368 N.C. 290
 
 ,
 
 776 S.E.2d 191
 
 (2015). "[T]o preserve for appellate review a trial court's decision to admit testimony, objections to [that] testimony must be contemporaneous with the time such testimony is offered into evidence and not made only during a hearing out of the jury's presence prior to the actual introduction of the testimony."
 
 State v. Ray
 
 ,
 
 364 N.C. 272
 
 , 277,
 
 697 S.E.2d 319
 
 , 322 (2010) (internal quotation omitted).
 

 Defendant acknowledges on appeal that he failed to object to the admission at trial of Officer Davis' testimony identifying defendant as the person who had sold heroin to him, or to the evidence concerning the photograph that Officer Davis was shown. Defendant argues, however, that the trial court's alleged error "is preserved for normal appellate review." Defendant contends that "the error here is a failure by the trial court to apply the statutory mandate expressed in N.C. Gen. Stat. § 15A-284.52" and that "[v]iolations of statutory mandates are preserved for appellate review without the need for an objection to the trial court." In support of his position, defendant cites
 
 State v. Ashe
 
 ,
 
 314 N.C. 28
 
 ,
 
 331 S.E.2d 652
 
 (1985). We conclude that
 
 Ashe
 
 does not support defendant's argument.
 

 In
 
 Ashe
 
 , our Supreme Court discussed N.C. Gen. Stat. § 15A-1233(a), which provides in relevant part that "[i]f the jury after retiring for deliberation requests a review of ... evidence, the jurors must be conducted to the courtroom" and that the trial court "in his discretion" could allow the jury to review the requested parts of the trial testimony or to reexamine exhibits that had been admitted into evidence.
 
 Ashe
 
 ,
 
 314 N.C. at 33-34
 
 ,
 
 331 S.E.2d at 656
 
 . The Court held that this statute "imposes two duties upon the trial court when it receives a request from the jury to review evidence. First, the court must conduct all jurors to
 
 *43
 
 the courtroom. Second, the trial court must exercise its discretion in determining whether to permit requested evidence to be read to or examined by the jury[.]"
 
 Ashe
 
 at 34,
 
 331 S.E.2d at 656
 
 . The trial court in
 
 Ashe
 
 failed either to summon the jurors to the courtroom or to exercise its discretion. The State argued that the defendant had waived review of the trial court's error by failing to object at trial. Our Supreme Court held that:
 

 As a general rule, defendant's failure to object to alleged errors by the trial court operates to preclude raising the error on appeal.... [W]hen a trial court acts contrary to a statutory mandate and a defendant is prejudiced thereby, the right to appeal the court's action is preserved, notwithstanding defendant's failure to object at trial.
 

 Ashe
 
 at 39,
 
 331 S.E.2d at 659
 
 .
 

 Defendant argues that, as in
 
 Ashe
 
 , the trial court "fail[ed] to apply [a] statutory mandate[.]" However, defendant fails to identify the "statutory mandate" to which he refers or any mandatory responsibility that the trial court neglected. In
 
 State v. Hill
 
 ,
 
 235 N.C.App. 166
 
 , 170,
 
 760 S.E.2d 85
 
 , 88,
 
 disc. review denied
 
 ,
 
 367 N.C. 793
 
 ,
 
 766 S.E.2d 637
 
 (2014), the defendant argued that "holding a charge conference is a statutory mandate," and this Court stated that "ordinarily, the word 'must' and the word 'shall,' in a statute, are deemed to indicate a legislative intent to make the provision of the statute mandatory[.]" (quoting
 
 State v. Inman
 
 ,
 
 174 N.C.App. 567
 
 , 570,
 
 621 S.E.2d 306
 
 , 309 (2005) ). With this in mind, we have carefully reviewed the text of N.C. Gen. Stat. § 15A-284.52. We observe that N.C. Gen. Stat. § 15A-284.52(d) provides in both the original and the amended versions of the statute that:
 

 *400
 
 (d) Remedies.-All of the following shall be available as consequences of compliance or noncompliance with the requirements of this section:
 

 (1) Failure to comply with any of the requirements of this section shall be considered by the court in adjudicating motions to suppress eyewitness identification.
 

 (2) Failure to comply with any of the requirements of this section shall be admissible in support of claims of eyewitness misidentification, as long as such evidence is otherwise admissible.
 

 (3) When evidence of compliance or noncompliance with the requirements of this section has been presented at trial, the jury shall be instructed that it may consider
 
 *44
 
 credible evidence of compliance or noncompliance to determine the reliability of eyewitness identifications.
 

 Given that this is the only part of the statute that refers to the trial court's responsibilities, we will assume that this section is the "statutory mandate" to which defendant refers. N.C. Gen. Stat. § 15A-284.52(d) mandates that, upon a trial court's review of the State's compliance or noncompliance with the statute: (1) the failure to comply with Eyewitness Identification Reform Act "
 
 shall be considered
 
 " by the court in adjudicating motions to suppress eyewitness identification; (2) evidence of the failure to comply with the Eyewitness Identification Reform Act, if otherwise admissible, "
 
 shall be admissible
 
 " to support claims of eyewitness misidentification; and (3) if evidence of compliance or noncompliance is offered at trial, the jury "
 
 shall be instructed
 
 " on the proper consideration of such evidence (emphasis added). These remedies appear to be mandatory and if, for example, a trial court found that the State had failed to comply with the Eyewitness Identification Reform Act in a given case, but then stated that it would not consider this fact in its determination of a defendant's suppression motion, that would be a violation of a statutory mandate.
 

 However, the issue of a trial court's compliance with this part of the statute does not arise unless the court first reviews a party's compliance or noncompliance with the Eyewitness Identification Reform Act. In the present case, the trial court ruled that the Eyewitness Identification Reform Act did not apply to the facts of this case. The trial court did not consider evidence of compliance or noncompliance with the statute, did not make any findings or conclusions on this issue, and was not asked to admit evidence or to instruct the jury concerning the Eyewitness Identification Reform Act. Because the trial court ruled that, as a matter of law, the Eyewitness Identification Reform Act did not apply to this case, it never conducted the type of hearing on the Eyewitness Identification Reform Act that might have triggered the court's statutorily-mandated responsibilities arising from the statute. We conclude that the trial court did not violate a "statutory mandate" because the mandates of the statute arise only if a court determines that the Eyewitness Identification Reform Act
 
 does
 
 apply to a case and conducts the appropriate inquiry on the issue.
 

 Defendant has not offered any other argument in support of his assertion that the trial court's alleged error was preserved for appellate review. We conclude that, by failing to object to the challenged evidence at the time it was introduced in the jury's presence, defendant has failed to preserve this issue for review. "And since defendant
 
 *45
 
 failed to specifically and distinctly allege plain error in his brief, he waived his right to have this issue reviewed under that standard."
 
 State v. Joyner
 
 , --- N.C. App. ----, ----,
 
 777 S.E.2d 332
 
 , 335 (2015) (citing N.C.R. App. P. 10(a)(4), and
 
 State v. Lawrence
 
 ,
 
 365 N.C. 506
 
 , 516,
 
 723 S.E.2d 326
 
 , 333 (2012) ).
 

 We also note that defendant, who does not acknowledge his failure to preserve the alleged error for appellate review, has not asked this Court to apply N.C. R. App. P. 2 in order to reach the merits of his argument.
 

 Appellate Rule 2 relates to the residual power of our appellate courts to consider, in exceptional circumstances, significant issues of importance in the public interest, or to prevent injustice which appears manifest to the Court and only in such instances. This Court's discretionary exercise to invoke Appellate Rule 2 is intended to be limited to occasions in which a fundamental
 
 *401
 
 purpose of the appellate rules is at stake, which will necessarily be rare occasions.
 

 State v. Biddix
 
 , --- N.C. App. ----, ----,
 
 780 S.E.2d 863
 
 , 868 (2015) (internal quotations omitted). Defendant has not requested that we invoke Rule 2, and we discern no "exceptional circumstances" that would warrant its application.
 

 For the reasons discussed above, we conclude that defendant failed to preserve for appellate review the issue of the trial court's ruling on his suppression motion. As this is the only basis upon which he has challenged his conviction, we conclude that defendant had a fair trial, free of reversible error.
 

 NO ERROR.
 

 Judges ELMORE and DILLON concur.