TYSON, Judge.
 

 *635
 
 Sergio Montez Culbertson ("Defendant") appeals from judgment entered following his guilty plea to assault inflicting serious physical injury on a law enforcement officer, assault inflicting injury on a law enforcement officer, five drug related charges, resisting arrest, driving while license revoked and a parking violation. The State has filed a
 
 *636
 
 motion to dismiss Defendant's appeal. Defendant also filed a petition for writ of certiorari seeking our review contemporaneously with his brief.
 

 The State's motion to dismiss the appeal is allowed. In our discretion, we invoke N.C. R. App. P. 2 to suspend Rule 21 of the appellate
 
 *513
 
 rules, allow Defendant's petition and issue our writ of certiorari. Defendant's petition seeks review of judgments entered upon indictments, which the State concedes are facially invalid and do not provide the trial court with jurisdiction on two charges.
 

 I. Factual Background
 

 At the entry of Defendant's guilty plea, the State forecast the following evidence. On 21 January 2015, Concord Police Officer M. Hanson was on patrol when he saw a truck parked in the street and facing the wrong direction of travel. The truck was parked approximately 900 feet from the boundary of Caldwell Park. Officer Hanson observed Defendant walking away from the truck. Officer Hanson called other officers to inform them he had stopped Defendant and exited his vehicle to speak with Defendant. Concord Police Officer A. J. Vandevoorde arrived at the scene, and the officers conversed with Defendant near Defendant's truck.
 

 Officer Vandevoorde smelled marijuana inside Defendant's truck and asked Defendant for consent to search the vehicle. Defendant consented, but claimed he was having trouble opening the truck door with the key in his possession. Officer Vandevoorde opened the passenger door of the truck. Officer Vandevoorde asked Defendant not to reach inside the truck after they opened the door.
 

 Against Officer Vandevoorde's instruction, Defendant reached into the car as the officer was opening the door. Both officers moved to restrain Defendant from putting his arm inside the truck. Defendant became combative and began to struggle with both officers. The officers discharged their tasers on Defendant several times, but Defendant continued to resist them. Officer Vandevoorde eventually wrestled Defendant onto the ground, where Officer Hanson attempted to place him in handcuffs. During the fight, Defendant yelled "Momma, get my weed out from under the car seat, under the driver's seat."
 

 The officers called in for backup. Several other officers responded to the request for backup and assisted to restrain Defendant and secure him on the backseat of a police car. Officer Vandevoorde searched Defendant's truck and found a diaper bag containing more than 300 grams of marijuana, which was packaged in several smaller bags. Officer Vandevoorde also found a plastic bag, under the driver's seat, which contained several smaller bags of heroin.
 

 *637
 
 Officers Hanson and Vandevoorde both sustained injuries in the fight with Defendant. Officer Vandevoorde sustained scrapes and lacerations on his knees and hands. Officer Hanson injured his anterior cruciate ligament (ACL) and the meniscus of his knee, which led to several surgeries and rehabilitation time to recover.
 

 II. Procedural history
 

 On 29 August 2016, Defendant entered guilty pleas to: assault inflicting serious physical injury on a law enforcement officer (Hanson); assault inflicting injury on a law enforcement officer (Vandevoorde); possession of drug paraphernalia; maintaining a vehicle/dwelling place for the purpose of keeping and selling controlled substances; trafficking in opium or heroin; possession with intent to sell or deliver ("PWISD") marijuana within 1000 feet of a park; PWISD heroin within 1000 feet of a park; and, possession of marijuana.
 

 Defendant was sentenced as a prior record level II offender. Defendant received an active sentence of 90 to 120 months and a fine for the trafficking charge. The court consolidated the offense of PWISD marijuana near a park with one count of assault inflicting serious injury on a law enforcement officer and sentenced Defendant to 29 to 47 months active imprisonment to run consecutively to the trafficking sentence. Defendant's sentences on the remaining counts were suspended, with two consecutive 60 month terms of probation to follow the active sentences.
 

 Subsequently, the parties realized the court and parties had stated incorrect offense class levels and sentences for some of the offenses. In order to correct the sentence, the court did not adjourn the session of court where Defendant's plea was accepted. The court informed Defendant that the resentencing would reduce the amount of active time he would serve, if his probationary sentences were revoked. Defendant nor his counsel asked for and Defendant was not afforded an opportunity to withdraw his guilty plea. Defendant
 
 *514
 
 was re-sentenced on 6 September 2016 as follows:
 

 [T]he Court recognizes that we needed to correct the judgment from last week because we did have an incorrect class on one of the cases in which the Court sentenced. The trafficking sentence will remain the same. The Court will then sentence under the possession with intent to sell or deliver marijuana within a thousand feet of a school in [15 CRS] 50339, to the 29-minimum 29 maximum 47 months. The Court would then consolidate the felony
 
 *638
 
 assault on a law enforcement officer inflicting physical injury with that charge. And then with respect to the assault inflicting serious personal injury-physical injury on a law enforcement officer, the Class F, the Court sentences him to the minimum 25 maximum 47 months, suspended for five years, I believe it was, supervised probation.
 

 Upon the rendering of his new sentence, Defendant orally entered notice of appeal. Defendant filed his brief and a petition for writ of certiorari at the same time to seek review of the judgments and sentences imposed against him.
 

 III. Issues raised by Defendant
 

 In his brief and in his petition for writ of certiorari, Defendant contends the trial court lacked jurisdiction to accept his guilty pleas on the charges of trafficking, PWISD marijuana within 1000 feet of a park and PWISD heroin within 1000 feet of a park. Defendant also asserts that his pleas to these charges were not voluntary, because of erroneous statements made at the time of the entry of his pleas.
 

 Further, Defendant argues the State failed to present a sufficient factual basis to support his guilty plea to the assault charges.
 

 IV. Right of Appeal
 

 A. N.C. Gen. Stat. § 15A-1444
 

 Defendant acknowledges he has no right to appeal the judgments entered. "A defendant's right to appeal in a criminal proceeding is entirely a creation of state statute."
 
 State v. Biddix
 
 , --- N.C. App. ----, ----,
 
 780 S.E.2d 863
 
 , 865 (2015) (citing
 
 State v. Pimental
 
 ,
 
 153 N.C. App. 69
 
 , 72,
 
 568 S.E.2d 867
 
 , 869,
 
 disc. review denied
 
 ,
 
 356 N.C. 442
 
 ,
 
 573 S.E.2d 163
 
 (2002) ). Without express statutory authority, a criminal defendant does not have a right to appeal a judgment entered under N.C. Gen. Stat. § 15A-1444.
 

 Id.
 

 ;
 
 see also
 

 State v. Ahearn
 
 ,
 
 307 N.C. 584
 
 , 605,
 
 300 S.E.2d 689
 
 , 702 (1983).
 

 N.C. Gen. Stat. § 15A-1444 provides:
 

 (a1) A defendant who has ... entered a plea of guilty or no contest to a felony, is entitled to appeal as a matter of right the issue of whether his or her sentence is supported by evidence introduced at the trial and sentencing hearing only if the minimum sentence of imprisonment does not fall within the presumptive range for the defendant's prior record or conviction level and class of offense. Otherwise,
 
 *639
 
 the defendant is not entitled to appeal this issue as a matter of right but may petition the appellate division for review of this issue by writ of certiorari.
 

 (a2) A defendant who has entered a plea of guilty or no contest to a felony or misdemeanor in superior court is entitled to appeal as a matter of right the issue of whether the sentence imposed:
 

 (1) Results from an incorrect finding of the defendant's prior record level under G.S. 15A-1340.14 or the defendant's prior conviction level under G.S. 15A-1340.21 ;
 

 (2) Contains a type of sentence disposition that is not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level; or
 

 (3) Contains a term of imprisonment that is for a duration not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level.
 

 ....
 

 (e) Except as provided in subsections (a1) and (a2) of this section and G.S. 15A-979, and except when a motion to withdraw a plea of guilty or no contest has been denied, the defendant is not entitled to appellate review as a matter of right when he has entered a plea of guilty or no contest to a criminal charge in the superior court,
 
 *515
 
 but he may petition the appellate division for review by writ of certiorari....
 

 N.C. Gen. Stat. § 15A-1444 (2015).
 

 Defendant correctly recognizes he raises no issues which provide him an appeal as of right pursuant to N.C. Gen. Stat. § 15A-1444(a2). The State's motion to dismiss Defendant's appeal is allowed. Defendant's purported appeal is dismissed.
 

 B. Appellate Rule 21
 

 To support his petition that a writ of certiorari should be allowed, Defendant cites our Supreme Court in
 
 State v. Wallace
 
 that "where an indictment is alleged to be invalid on its face, thereby depriving the trial court of its jurisdiction, a challenge to that indictment may be made at
 
 *640
 
 any time, even if it was not contested in the trial court."
 
 State v. Wallace
 
 ,
 
 351 N.C. 481
 
 , 503,
 
 528 S.E.2d 326
 
 , 341,
 
 cert. denied
 
 ,
 
 531 U.S. 1018
 
 ,
 
 121 S.Ct. 581
 
 ,
 
 148 L.Ed.2d 498
 
 (2000).
 

 Defendant asserts the trial court lacked subject matter jurisdiction to accept his guilty plea to the two charges of PWISD marijuana and heroin within 1000 feet of a park. He argues the indictments for these offenses failed to allege the essential element of his age being over 21 at the time of the offenses. Defendant argues indictments charging statutory offenses must allege all of the essential elements of the offenses. Defendant also asserts the trafficking indictment failed to specifically name heroin instead of the general category of opium derivative.
 

 With respect to the two indictments for PWISD, Defendant would present a meritorious claim, were both raised on a motion for appropriate relief. Defendant claims and the State concedes that the indictments for PWISD within 1000 feet of a park failed to allege and did not state that the Defendant's age was over 21 years.
 

 While N.C. Gen. Stat. § 15A-1444(e) provides jurisdiction and affords a defendant the opportunity to seek discretionary appellate review by petition for certiorari, Defendant's petition does not assert any claim or grounds to qualify it for appellate review by certiorari under Appellate Rule 21. N.C. R. App. P. 21.
 

 As such, Defendant's petition for writ of certiorari is subject to dismissal.
 
 See e.g.,
 

 State v. Nance
 
 ,
 
 155 N.C. App. 773
 
 , 774-75,
 
 574 S.E.2d 692
 
 , 693-94 (2003) ("Defendant [sought] to bring forth a claim that he did not knowingly and voluntarily plead guilty to having attained the status of habitual felon. However, defendant has sought neither to withdraw his guilty plea, nor to obtain any other relief by motion in the superior court. Defendant's claim [was] not one that he may raise on direct appeal pursuant to G.S. § 15A-1444(a)(1) or (a)(2). Further, defendant [had] not lost his right of appeal through untimely action, nor is he attempting to appeal an interlocutory order or seeking review of an order denying a motion for appropriate relief under G.S. § 15A-1422(c)(3).").
 

 Under these facts, we conclude Defendant does not have a right to appeal the issue presented here under N.C. Gen. Stat. § 15A-1444(a)(1) or (a)(2), and Defendant has not asserted any stated grounds under N.C. R. App. P. 21(a)(1) for this Court to issue a writ of certiorari.
 

 Rule 21 "does not provide a procedural avenue for a party to seek appellate review by certiorari of an issue pertaining to the entry of a guilty plea."
 
 Biddix
 
 , --- N.C. at ----,
 
 780 S.E.2d at
 
 870 ;
 
 see also
 
 ,
 
 *641
 

 State v. Pennell
 
 ,
 
 367 N.C. 466
 
 , 472,
 
 758 S.E.2d 383
 
 , 387 (2014) ("The proper procedure through which defendant may challenge the facial validity of the original indictment is by filing a motion for appropriate relief under [N.C. Gen. Stat.] § 15A-1415(b) or petitioning for a writ of habeas corpus.").
 

 C. Appellate Rule 2
 

 Under N.C. R. App. P. 2, this Court possesses the discretionary authority to suspend requirements of the North Carolina Rules of Appellate Procedure and issue a writ of certiorari. " Rule 2 relates to the residual power of our appellate courts to consider, in exceptional circumstances, significant issues of importance in the public interest, or to prevent injustice which appears manifest to the Court and only in such instances."
 
 Steingress v. Steingress
 
 ,
 
 350 N.C. 64
 
 , 66,
 
 511 S.E.2d 298
 
 , 299-300 (1999).
 

 *516
 
 This assessment-whether a particular case is one of the rare 'instances' appropriate for Rule 2 review-must necessarily be made in light of the
 
 specific circumstances of individual cases and parties
 
 , such as whether substantial rights of an appellant are affected. In simple terms, precedent cannot create an automatic right to review via Rule 2. Instead, whether an appellant has demonstrated that his matter is the rare case meriting suspension of our appellate rules is always a discretionary determination to be made on a case-by-case basis.
 

 State v. Campbell
 
 ,
 
 369 N.C. 599
 
 , 602,
 
 799 S.E.2d 600
 
 , 602-03 (2017) (emphasis original) (footnote, internal citations and quotation marks omitted).
 

 This Court must "independently and expressly determine whether, on the facts and under the circumstances of this specific case, to exercise its discretion to employ Rule 2 of the North Carolina Rules of Appellate Procedure, suspend [the] Rule ... and consider the merits of defendant's fatal variance argument."
 
 Campbell
 
 ,
 
 369 N.C. at 603
 
 ,
 
 799 S.E.2d at 603
 
 .
 

 Under Appellate Rule 2, our appellate courts have the discretion to suspend the Rules of Appellate Procedure to prevent manifest injustice to a party. N.C. R. App. P. 2 ;
 
 Biddix
 
 , --- N.C. App. at ----,
 
 780 S.E.2d at 868
 
 . Furthermore, this court may invoke Rule 2 "either 'upon application of a party' or upon its own initiative.' "
 
 Biddix
 
 , --- N.C. App. at ----,
 
 780 S.E.2d at 868
 
 (quoting
 
 Bailey v.
 

 North Carolina
 
 ,
 
 353 N.C. 142
 
 , 157,
 
 540 S.E.2d 313
 
 , 323 (2000) ). "This Court has previously recognized the Court may implement
 
 *642
 
 Appellate Rule 2 to suspend Rule 21 and grant certiorari, where the three grounds listed in Appellate Rule 21 to issue the writ do not apply."
 

 Id.
 

 State v. Anderson
 
 , --- N.C. App. ----, ----,
 
 804 S.E.2d 189
 
 , 196,
 
 2017 WL 3254414
 
 , at *7 (2017).
 

 In
 
 State v. Biddix
 
 , the defendant asserted the trial court erred in accepting his guilty plea as a product of his informed choice where the terms of his plea arrangement were contradictory.
 
 Biddix
 
 , --- N.C. App. at ----,
 
 780 S.E.2d at 865
 
 . We held the defendant did not demonstrate and we did not find " 'exceptional circumstances' necessary to exercise our discretion to invoke Appellate Rule 2...."
 
 Id
 
 . at ----,
 
 780 S.E.2d at 868
 
 .
 

 In
 
 Anderson
 
 , the defendant pled guilty to a statute which had been determined to be overbroad in another case. On appeal, the State had not offered argument contrary to that previous decision. This Court utilized Rule 2 and suspended our rules where "an independent determination of the specific circumstances of defendant's case reveals that [the] case [was] one of the rare instances appropriate for Rule 2 review in that defendant's substantial rights are affected."
 
 Anderson
 
 , --- N.C. App. at ----,
 
 804 S.E.2d at 196-97
 
 ,
 
 2017 WL 3254414
 
 , at *7 (citation and internal quotation marks omitted).
 

 The State concedes both indictments for PWISD marijuana and PWISD heroin near a park failed to contain the essential allegation that Defendant was over the age of 21. The State also concedes and it is well settled that "[a]n indictment charging a statutory offense must allege all of the essential elements of the offense."
 
 State v. De La Sancha Cobos
 
 ,
 
 211 N.C. App. 536
 
 , 540,
 
 711 S.E.2d 464
 
 , 468 (2011) (citing
 
 State v. Crabtree,
 

 286 N.C. 541
 
 , 544,
 
 212 S.E.2d 103
 
 , 105 (1975) );
 
 see also
 

 State v. Perry
 
 ,
 
 291 N.C. 586
 
 , 597,
 
 231 S.E.2d 262
 
 , 269 (1977) (holding the age of the defendant was an essential element for first degree rape and a conviction could not stand where the State failed to allege the defendant was over the age of 16);
 
 State v. Byrd
 
 , --- N.C. App. ----,
 
 796 S.E.2d 405
 
 , No. COA16-619,
 
 2017 WL 676960
 
 , at *2 (2017) (unpublished) (holding the offenses listed in
 
 N.C. Gen. Stat. § 90-95
 
 (e)(8), PWISD near a child care center, required the State to allege and prove that Byrd was "21 years of age or older" at the time of commission).
 

 Invalid indictments deprive the trial court of its jurisdiction.
 
 Wallace
 
 ,
 
 351 N.C. at 503
 
 ,
 
 528 S.E.2d at 341
 
 . Appellate courts may consider challenges to facially invalid indictments at any time, even when not contested at trial.
 
 State v. Braxton
 
 ,
 
 352 N.C. 158
 
 , 173,
 
 531 S.E.2d 428
 
 , 437 (2000),
 
 *517
 

 cert. denied
 
 ,
 
 531 U.S. 1130
 
 ,
 
 121 S.Ct. 890
 
 ,
 
 148 L.Ed.2d 797
 
 (2001) (citation
 
 *643
 
 omitted);
 
 see also
 

 State v. Bartley
 
 ,
 
 156 N.C. App. 490
 
 , 499,
 
 577 S.E.2d 319
 
 , 324 (2003) ("Our Supreme Court has stated that an indictment is fatally defective when the indictment fails on the face of the record to charge an essential element of the offense.").
 

 After reviewing Defendant's claims and the State's concession of error, in our discretion and in the interest of judicial economy, manifest injustice would occur if Defendant's convictions were allowed to stand on charges, which the trial court did not possess jurisdiction to impose sentence. For these reasons and in the exercise of our discretion under Rule 2, we suspend Rule 21, and issue the writ of certiorari solely to address the trial court's lack of subject matter jurisdiction.
 

 V. Analysis of Merits of Claims
 

 N.C. Gen. Stat. § 90-95
 
 (e)(10) provides, "any person 21 years of age or older who commits an offense under [N.C. Gen. Stat. §] 90-95(a)(1) on property that is a public park ... shall be punished as a Class E felon."
 

 Defendant was charged in count III of the indictment in 15 CRS 50339 as follows,
 

 the defendant named above unlawfully, willfully, and feloniously did commit a violation of North Carolina General Statute 90-95, possess with the intent to sell and deliver marijuana, which is included in Schedule VI of the North Carolina Controlled Substances Act, within 1000 feet of the boundary of real property used as a playground, Caldwell Park, located at 362 Georgia Street Southwest, Concord, North Carolina.
 

 Similarly in count I of the indictment in 15 CRS 50451, Defendant was charged with PWISD heroin in the same park location. Neither indictment sets forth an allegation of Defendant's age or alleges that he is over the age of 21. Nothing in the record shows any stipulation or admission concerning Defendant's age at the time of his arrest.
 

 Based upon the State's concession and this Court's prior holdings, count III in the multicount indictment in 15 CRS 50339 and count I in the multicount indictment in 15 CRS 50451 are fatally deficient. The superior court did not possess jurisdiction to accept Defendant's plea and sentence him on these two counts.
 

 Because these convictions must be vacated, Defendant's entire plea agreement and the judgments entered thereon must be set aside and this matter remanded to the trial court. We express no opinion on the
 
 *644
 
 merits of these two charges. Nothing in this opinion binds the State or Defendant to the set aside vacated pleas or sentences previously entered and vacated or restricts re-indictment.
 

 VI. Conclusion
 

 Defendant's purported appeal of right is dismissed. In the exercise of our discretion under Rule 2, and in the interest of judicial economy, Defendant's petition for writ of certiorari is allowed as set out above.
 

 The trial court did not possess jurisdiction to accept Defendant's plea or to impose judgments to PWISD marijuana near a park in count III of 15 CRS 50339 or PWISD heroin near a park in count I of 15 CRS 50451. These convictions and judgments thereon are vacated.
 

 Since the Defendant pled guilty to these offenses pursuant to a plea arrangement, and the superior court entered consolidated judgments, the entire plea arrangement must be set aside and this matter is remanded to the superior court for further proceedings. In light of our decision, it is unnecessary to and we do not address Defendant's remaining arguments, which are rendered moot with the set aside of the plea arrangement.
 
 It is so ordered.
 

 APPEAL DISMISSED. PETITION FOR WRIT OF CERTIORARI ALLOWED. VACATED IN PART AND REMANDED.
 

 Judges ELMORE and STROUD concur.