STATE OF NORTH CAROLINA v. MICHAEL ANTHONY McRAE

No. 8414SC3

(Filed 16 October 1984)

1. **Criminal Law § 138— absence of proper sentencing hearing**
     The trial court failed to afford defendant a proper sentencing hearing pursuant to G.S. 15A-1334 where the court told defense counsel a month before the hearing that he intended to give defendant the same sentence of 40 years which he had given to a codefendant, the court repeated this intention when defendant and his attorney appeared in court for the sentencing, and defendant's attorney advised the court that in light of what had transpired, any remarks he would make would be extraneous and he would simply let the court render judgment.

2. **Criminal Law § 134.4— youthful offender—failure to make no benefit finding**
     Where defendant was twenty years old at the time of his conviction, the trial court erred in failing either to sentence defendant as a committed youthful offender or to find in the record that he would not benefit from such a commitment. G.S. 15A-1340.4(a).

APPEAL by defendant from *Godwin, Judge.* Judgment entered 13 March 1980 in Superior Court, DURHAM County. Heard in the Court of Appeals 20 September 1984.

Defendant and a co-defendant were convicted of second degree rape. The co-defendant was sentenced to forty years imprisonment at a time earlier than the defendant. Defendant's attorney became ill. Thereafter the trial judge sent defendant's attorney in the hospital a note stating that he intended to give defendant the same sentence he gave to the co-defendant. One month later when defendant and his attorney appeared in court the judge repeated his intention to impose the same sentence. Defendant's attorney acknowledged receipt of the proposed sentence and advised the court that in light of what had transpired any remarks he would have would be extraneous and he would simply let the judge render judgment. The judge imposed judgment of forty years and defendant gave notice of appeal.

*Attorney General Rufus L. Edmisten, by Associate Attorney General Edmond W. Caldwell, Jr. for the State.*

*Assistant Appellate Defender Malcolm Ray Hunter, Jr. for defendant appellant.*

HILL, Judge.

Defendant's assignments of error relate to his sentencing. Defendant contends he is entitled to a new sentencing hearing because (1) his original sentence was imposed in violation of G.S. 15A-1334, the defendant's right to due process of law, his right to counsel, as guaranteed by the sixth and fourteenth amendments to the United States Constitution and Article I, § 19 of the Constitution of the State of North Carolina; and (2) the court erred in failing to sentence him as a committed youthful offender under G.S. 15A-1340.4(a) or find on the record that he would not benefit from such a commitment. We concur under both assignments, vacate the sentence, and remand the case to the trial court with instructions that it conduct a sentencing hearing and impose such sentence as may be proper under the law.

[1] 1. *G.S. 15A-1334.* G.S. 15A-1334 provides in pertinent part as follows:

(a) Time of Hearing. — Unless the defendant waives the hearing, the court must hold a hearing on the sentence. Either the defendant or the State may, upon a showing which the judge determines to be good cause, obtain a continuance of the sentencing hearing.

(b) Proceeding at Hearing. — The defendant at the hearing may make a statement in his own behalf. The defendant and prosecutor may present witnesses and arguments on facts relevant to the sentencing decision and may cross-examine the other party's witnesses. No person other than the defendant, his counsel, the prosecutor, and one making a presentence report may comment to the court on sentencing unless called as a witness by the defendant, the prosecutor, or the court. Formal rules of evidence do not apply at the hearing.

It is clear that G.S. 15A-1334, while permitting a defendant to speak at the sentencing hearing, does not require the trial court to personally address the defendant and ask him if he wishes to make a statement in his own behalf. *State v. Poole*, 305 N.C. 308, 289 S.E. 2d 335 (1982); *State v. Griffin*, 57 N.C. App. 684, 292 S.E. 2d 156, *cert. denied*, 306 N.C. 560, 294 S.E. 2d 373 (1982). However, it should be noted that we are not dealing here with the mere failure to issue an invitation to defendant to speak personally on his own behalf prior to sentencing. It is apparent from the facts that the trial court had decided the defendant's sentence a month prior to the date of the sentencing hearing held for defendant. By his actions the trial judge foreclosed any real opportunity for defendant or his counsel to present testimony relevant to the sentencing hearing, and in effect, frustrated the purpose of the Fair Sentencing Act which is to impose punishment commensurate with the injury created, taking into account factors which diminish or increase the offender's culpability. G.S. 15A-1340.3. Where the trial judge may have been uninformed as to relevant facts because of his failure to afford the defendant a proper sentencing hearing, which is a critical stage of a criminal proceeding, *Mempa v. Rhay*, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed. 2d 336 (1967), we are restrained from saying defendant has not been prejudiced.

[2] 2. *G.S. 15A-1340.4(a)*. Defendant was born 27 February 1959. He was 20 years old at the time of his conviction on 30 January 1980. He was sentenced on 13 March 1980, at which time he was 21 years old. The trial court failed to sentence the defendant as a committed youthful offender, or find on the record that he would not benefit from such a commitment.

G.S. 15A-1340.4(a) provides in pertinent part that

[i]f the convicted felon is under 21 years of age *at the time of conviction* and the sentencing judge elects to impose an active prison term, the judge must either sentence the felon as a committed youthful offender in accordance with Article 3B of Chapter 148 of the General Statutes and subject to the limit on the prison term provided by G.S. 148-49.14, or make a "no benefit" finding as provided by G.S. 148-49.14 and impose a regular prison term. (Emphasis added.)

The intent of the legislature to use age at the time of conviction as the determinative factor for eligibility for committed youthful offender status is clear. Because the defendant was 20 years old at the time of his conviction, and the court failed to sentence the defendant as a committed youthful offender or find in the record that he would not benefit from such commitment, defendant is entitled to a new sentencing hearing. See *State v. Lattimore*, 310 N.C. 295, 311 S.E. 2d 876 (1984). For this reason, and for those enunciated above, judgment of the trial court is vacated and the case is remanded to the superior court for a new sentencing hearing.

Vacated and remanded.

Judges ARNOLD and WELLS concur.