## STATE v. GRIFFIN

[109 N.C. App. 131 (1993)]

STATE OF NORTH CAROLINA v. SAMUEL GRIFFIN

No. 914SC1067

(Filed 16 February 1993)

**Criminal Law § 1057 (NCI4th)— second degree murder—
sentencing—statement by judge**

A life sentence imposed for second degree murder was
vacated where the trial judge told defense counsel in a bench
conference that "it would be a big mistake" to have the defend-
ant testify. Although the trial judge later told defense counsel
that he had made the statement because he was afraid the
victim's relatives might cause a disturbance in the courtroom,
the clear import at the time was that defendant would receive
a longer sentence if he testified and the statement, regardless
of the reasoning behind it, effectively chilled the defendant's
right to testify in his own behalf. This holding vacating the
sentence in no way limits the court's discretionary authority
to impose a life sentence upon rehearing. N.C.G.S. § 15A-1334.

**Am Jur 2d, Criminal Law § 527.**

**Prejudicial effect of trial judge's remarks, during criminal
trial, disparaging accused. 34 ALR3d 1313.**

Appeal by defendant from judgment entered 12 June 1991
by Judge William C. Griffin in Jones County Superior Court. Heard
in the Court of Appeals 14 January 1993.

On 14 January 1991 defendant was indicted for murder in
violation of G.S. § 14-17. On 10 June 1991, the defendant pled
guilty to second degree murder. On 12 June 1991, after conducting
a sentencing hearing, the trial judge sentenced defendant to life
in prison with the North Carolina Department of Correction.

Defendant appeals.

*Attorney General Lacy H. Thornburg, by Special Deputy At-
torney General Kathryn Jones Cooper, for the State.*

*Sumrell, Sugg, Carmichael & Ashton, P.A., by Rudolph A.
Ashton, III, for the defendant.*

EAGLES, Judge.

Defendant first argues that the trial judge erred at the sentencing hearing by telling defense counsel in a bench conference that it "would be a big mistake" to have the defendant testify. We agree with defendant.

In his brief, the defendant argues primarily that his statutory right to testify pursuant to G.S. § 8-54 and his constitutional right to testify were "chilled." We agree that the defendant's right to testify was "chilled," but the critical statute is G.S. § 15A-1334.

G.S. § 15A-1334 provides, in pertinent part:

**15A-1334. The sentencing hearing.**

\* \* \*

(b) Proceeding at Hearing.—The defendant at the hearing may make a statement in his own behalf.

" 'A judgment will not be disturbed because of sentencing procedures unless there is a showing of abuse of discretion, procedural conduct prejudicial to the defendant, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play.' " *State v. Lane*, 39 N.C. App. 33, 38, 249 S.E.2d 449, 452-53 (1978) (quoting *State v. Pope*, 257 N.C. 326, 126 S.E.2d 126, 133 (1962) ).

Here, during the sentencing hearing the defendant's attorney requested and was granted a bench conference. Although we do not have a verbatim transcript of what was said during that bench conference, the record does include a statement of proceedings made pursuant to N.C.R. App. P. 9(a)(3)(i). In that statement, the defendant's counsel asserts that he "told the trial judge that he was just about to call the defendant to the witness stand[,]" and the trial judge replied that that "would be a big mistake." The prosecutor recalled that during the bench conference "defense counsel told the trial judge that he was thinking about putting the defendant on the witness stand." The prosecutor also recalled that the "trial judge replied that having the defendant testify 'would be a big mistake.' " The defendant did not testify. After the hearing, the trial judge told defense counsel that he had said it "would be a big mistake" for the defendant to testify because he was afraid the victim's relatives might cause a disturbance in the courtroom.

STATE v. GRIFFIN

[109 N.C. App. 131 (1993)]

Defendant argues that the trial judge's statement, regardless of the reasoning behind it, effectively chilled the defendant's right to testify in his own behalf. Defendant argues that the clear import of the court's statement, at the time it was made, was that if the defendant testified he would receive a longer sentence. We agree. Regardless of whether defense counsel told the trial judge that he "was just about to call the defendant to the witness stand" or "that he was thinking about putting the defendant on the witness stand[,]" defense counsel could have reasonably interpreted the trial judge's statement to mean that the defendant would receive a longer sentence if he testified. Accordingly, we find that the defendant's right to testify under G.S. § 15A-1334(b) was effectively chilled by the trial judge's comment. This constitutes "procedural conduct prejudicial to the defendant." *Lane*, 39 N.C. App. at 38, 249 S.E.2d at 452.

Accordingly, we vacate the sentence imposed upon the defendant and remand for a new sentencing hearing. Our holding in no way limits the trial court's discretionary authority to impose a life sentence upon re-hearing. Because of our holding we do not reach the remaining arguments or assignments raised on appeal.

Vacated and remanded for re-sentencing.

Judges ORR and WYNN concur.