ZACHARY, Judge.
 

 *790
 
 Angelo Lindovis Jones (defendant) appeals from a judgment entered upon his plea of guilty to attempted robbery with a dangerous weapon. Defendant has filed a petition for issuance of a writ of certiorari to obtain review of the sentencing proceeding, and we elect to grant his petition. On appeal, defendant
 
 *520
 
 argues that he is entitled to a new sentencing hearing, on the grounds that his counsel informed the trial court that defendant wanted to address the court before it imposed judgment, but the trial court denied him the opportunity to speak. We agree, and conclude that the judgment must be vacated and remanded for a new sentencing hearing.
 

 I. Factual and Procedural Background
 

 On 27 November 2013, a warrant was issued for defendant's arrest, charging him with having committed the offenses of first-degree murder, first-degree burglary, and armed robbery almost three years earlier, on 4 January 2011. Defendant was indicted for these offenses on 7 July 2014. On 30 March 2016, defendant pleaded guilty to attempted armed robbery, pursuant to a plea agreement. The terms of the plea arrangement were that defendant would plead guilty to the charge of attempted armed robbery and would provide truthful testimony against his codefendants if requested to do so by the State; in exchange, the State would
 
 *791
 
 dismiss the charges of first-degree murder and first-degree burglary. The plea bargain did not include any agreement on the sentence that defendant would receive. Defendant's sentencing was continued until 22 August 2016.
 

 On 23 August 2016, defendant appeared before the trial court for sentencing. The sentencing hearing is discussed in greater detail below. Briefly, at the outset of the hearing, defendant's counsel informed the court that counsel would argue on defendant's behalf and that defendant wished to "address the Court at the appropriate time," to which the trial court agreed. Thereafter, defendant's counsel advised the court of aspects of defendant's personal history that might be pertinent to the court's sentencing decision. Defense counsel also presented testimony from a lead investigator of the underlying offenses, who spoke on defendant's behalf about the assistance that defendant had provided, which had enabled law enforcement officers to solve the case. After the detective finished, the trial court announced that it was "ready to give the judgment" and entered judgment without allowing defendant to address the court. Defendant was sentenced to a term of 128 to 163 months' imprisonment and was given credit for 1001 days that he had spent in confinement awaiting trial.
 

 On 24 August 2016, defendant sent the following handwritten letter to the Clerk of Court:
 

 August 24, 2016
 

 To the Clerk of Court, Superior
 

 I was sentence[d] August 23 2016 in Superior Court by [the trial court], to serve 128 months to 163.
 

 I would like to put the court on notice that I am appealing the sentencing part of the sentence, not the guilty plea. I would like to site [sic] that [the court] was rude, bias, and personal in his rulings.
 

 My lawyer Anna Kirby, the Assist. D.A. Joel Stadiem, and lead Detective Kearney, all wanted to speak on my behalf. But [the judge] did not allow anyone to be heard to where it wouldn't make a differen[ce].
 

 I also wanted to address the courts but wasn't given a chance. I really feel like my constitutional rights [were] violated for not allowing my attorney or myself, or people on my behalf to stand and address the court.
 

 *792
 
 I feel that I should have been sentenced in the mitigated range instead of the presumptive. Angelo Jones
 

 Appellate counsel was appointed for defendant on 2 September 2016. On 19 January 2017, defendant's appellate counsel filed a petition in which counsel (1) acknowledged that defendant's
 
 pro se
 
 letter to the Clerk of Court stating his intention to "put the Court on notice" of his appeal did not comply with the relevant rules of appellate procedure, and (2) sought issuance of a writ of certiorari in order to obtain review. On 15 February 2017, the State filed a response opposing the issuance of the writ, and a motion to dismiss defendant's appeal. Defendant filed a reply to the State's motions on 24 February 2017.
 

 II. Defendant's Right to Seek Review by Writ of Certiorari
 

 Preliminarily, we address defendant's right to seek the issuance of a writ of certiorari in order to obtain appellate review of the sentencing proceeding conducted upon his entry of a plea of guilty to the charge of attempted
 
 *521
 
 armed robbery. We conclude that this Court has the authority to grant defendant's petition asking us to issue a writ of certiorari, and we grant his petition.
 

 A criminal defendant's right to appeal following his plea of guilty is limited by N.C. Gen. Stat. § 15A-1444 (2015), which provides in relevant part that:
 

 (a1) A defendant who has ... entered a plea of guilty or no contest to a felony, is entitled to appeal as a matter of right the issue of whether his or her sentence is supported by evidence introduced at the ... sentencing hearing only if the minimum sentence of imprisonment does not fall within the presumptive range[.] ... Otherwise, the defendant is not entitled to appeal this issue as a matter of right but may petition the appellate division for review of this issue by writ of certiorari.
 

 (a2) A defendant who has entered a plea of guilty or no contest to a felony or misdemeanor in superior court is entitled to appeal as a matter of right the issue of whether the sentence imposed: (1) Results from an incorrect finding of the defendant's prior record level[.] ...; (2) Contains a type of sentence disposition that is not authorized ... or; (3) Contains a term of imprisonment that is for a duration not authorized[.] ...
 

 ...
 

 *793
 
 (e) Except as provided in subsections (a1) and (a2) of this section ... the defendant is not entitled to appellate review as a matter of right when he has entered a plea of guilty or no contest to a criminal charge in the superior court, but he may petition the appellate division for review by writ of certiorari....
 

 ...
 

 (g) Review by writ of certiorari is available when provided for by this Chapter, by other rules of law, or by rule of the appellate division.
 

 Thus, Gen. Stat. § 15A-1444(e) explicitly grants defendant the right to "petition the appellate division for review by writ of certiorari."
 

 We next consider our jurisdiction to issue a writ of certiorari in order to review a defendant's appeal following entry of a plea of guilty. "The jurisdiction of the Court of Appeals is established in the North Carolina Constitution: 'The Court of Appeals shall have such appellate jurisdiction as the General Assembly may prescribe.' N.C. Const. art. IV, § 12 (2)."
 
 State v. Stubbs
 
 ,
 
 368 N.C. 40
 
 , 42,
 
 770 S.E.2d 74
 
 , 75 (2015). By enacting N.C. Gen. Stat. § 7A-32(c) (2015), our General Assembly expressly granted the Court of Appeals jurisdiction to issue a writ of certiorari:
 

 (c) The Court of Appeals has jurisdiction, exercisable by one judge or by such number of judges as the Supreme Court may by rule provide, to issue the prerogative writs, including mandamus, prohibition, certiorari, and supersedeas, in aid of its own jurisdiction, or to supervise and control the proceedings of any of the
 
 *794
 
 trial courts of the General Court of Justice[.] ... The practice and procedure shall be as provided by statute or rule of the Supreme Court, or, in the absence of statute or rule, according to the practice and procedure of the common law.
 

 In this case, although defendant's appeal does not raise any of the issues for which an appeal of right is afforded, N.C. Gen. Stat. § 15A-1444(e) allows him to seek review by petitioning for issuance of a writ of certiorari. "Accordingly, given that our state constitution authorizes the General Assembly to define the jurisdiction of the Court of Appeals, and given that the General Assembly has given that court broad powers 'to supervise and control the proceedings of any of the trial courts of the General Court of Justice,'
 
 id
 
 . § 7A-32(c),"
 
 Stubbs
 
 ,
 
 368 N.C. at 43
 
 ,
 
 770 S.E.2d at 76
 
 , and given that "the General Assembly has placed no limiting language in subsection 15A-[1444(e),]"
 

 id.,
 

 we conclude that this Court has jurisdiction to grant defendant's petition for issuance of a writ of certiorari.
 

 In reaching this conclusion, we are aware that N.C. R. App. P. 21(a)(1) (2015) of our Rules of Appellate Procedure provides that:
 

 (a)(1) The writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been
 
 *522
 
 lost by failure to take timely action, or when no right of appeal from an interlocutory order exists, or for review pursuant to N.C.G.S. § 15A-1422(c)(3) of an order of the trial court ruling on a motion for appropriate relief.
 

 In this case, defendant's application for issuance of a writ of certiorari does not allege that his right to an appeal was lost by failure to take timely action, that he seeks to appeal from an interlocutory order, or that he is appealing from an order of the trial court ruling on a motion for appropriate relief. Thus, defendant's petition for a writ of certiorari, although authorized by N.C. Gen. Stat. § 15A-1444(e), is not based upon the criteria specified in Appellate Rule 21. However, our Supreme Court has addressed the tension between a statute that grants a right to seek review by certiorari and the apparent limitations that Appellate Rule 21 places on that right.
 

 In
 
 Stubbs
 
 , the State sought review of a trial court's ruling that granted a defendant's motion for appropriate relief. N.C. Gen. Stat. § 15A-1422(c)(3) allows review of a court's ruling on a motion for appropriate relief "[i]f the time for appeal has expired and no appeal is pending, by writ of certiorari." This statute gave the State a right to seek review by writ of certiorari. However, at the time that
 
 Stubbs
 
 was decided, Rule 21(a)(1) specified that a writ of certiorari could be issued to obtain review of a trial court's
 
 denial
 
 of a motion for appropriate relief. ( Rule 21 was later amended to allow review by writ of certiorari of any "ruling" on a motion for appropriate relief.) As in the instant case, a statute provided the right to seek certiorari to obtain review of a ruling that did not arise from any of the procedural contexts specified in Rule 21. Our Supreme Court held as follows:
 

 As noted by the parties and the Court of Appeals, the Rules of Appellate Procedure are also in play here.
 
 See
 
 [
 

 *795
 
 N.C. Gen. Stat. § 7A-32(c) ] ("The practice and procedure shall be as provided by statute or rule of the Supreme Court, or, in the absence of statute or rule, according to the practice and procedure of the common law."). Appellate Rule 21 states in relevant part:
 

 ... "The writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action, or when no right of appeal from an interlocutory order exists, or for review pursuant to N.C.G.S. § 15A-1422(c)(3) of an order of the trial court denying a motion for appropriate relief.
 

 N.C. R. App. P. 21(a)(1) [.] ... Defendant argues that because of this Rule, the State may not appeal an order of a trial court granting a motion for appropriate relief. We disagree. As stated plainly in Rule 1 of the Rules of Appellate Procedure, "[t]hese rules shall not be construed to extend or limit the jurisdiction of the courts of the appellate division as that is established by law."
 
 Id
 
 . at R. 1(c). Therefore, while Rule 21 might appear at first glance to limit the jurisdiction of the Court of Appeals, the Rules cannot take away jurisdiction given to that court by the General Assembly in accordance with the North Carolina Constitution.
 

 Stubbs,
 
 at 43-44,
 
 770 S.E.2d at 76
 
 . The language of the opinion in
 
 Stubbs
 
 does not indicate that its holding was based in any way upon the specific substantive or procedural aspects of a motion for appropriate relief, or that its holding was limited to appeals from a trial court's ruling on a motion for appropriate relief. Indeed,
 
 Stubbs'
 
 central holding, that "while Rule 21 might appear at first glance to limit the jurisdiction of the Court of Appeals, the Rules cannot take away jurisdiction given to that court by the General Assembly[,]" constitutes a general ruling that a statutory right to seek certiorari may not be limited or restricted by the provisions of Appellate Rule 21. Our Supreme Court has held, upon review of
 
 Stubbs
 
 :
 

 In other words, because the state constitution gives the General Assembly the power to define the jurisdiction of the Court of Appeals, only the General Assembly can take away the jurisdiction that it has conferred. Subsection 7A-32(c) thus creates a default rule that the Court of
 
 *796
 
 Appeals has jurisdiction to review a lower court judgment
 
 *523
 
 by writ of certiorari. The default rule will control unless a more specific statute restricts jurisdiction in the particular class of cases at issue.
 

 State v. Thomsen
 
 ,
 
 369 N.C. 22
 
 , ----,
 
 789 S.E.2d 639
 
 , 641-42 (2016).
 

 Appellate cases decided after
 
 Stubbs
 
 have, almost without exception, held that a defendant's statutory right to seek issuance of a writ of certiorari is not abridged by Appellate Rule 21.
 
 See, e.g., Thomsen, supra.
 
 We are aware that in two instances this Court has held, notwithstanding the holding of
 
 Stubbs
 
 , that we are without authority to issue a writ of certiorari in order to review a defendant's appeal following his entry of a plea of guilty.
 
 See
 

 State v. Biddix
 
 , --- N.C. App. ----,
 
 780 S.E.2d 863
 
 (2015), and
 
 State v. Ledbetter
 
 , --- N.C. App. ----, ----,
 
 779 S.E.2d 164
 
 , 171 (2015) (holding that "Defendant's petition to issue a writ of certiorari does not assert grounds which are included in or permitted by Appellate Rule 21(a)(1)"),
 
 remanded for reconsideration in light of Stubbs and
 

 Thomsen
 
 ,
 
 369 N.C. 79
 
 ,
 
 793 S.E.2d 216
 
 (2016) (unpublished),
 
 on remand at
 
 --- N.C. App. ----, ----,
 
 794 S.E.2d 551
 
 , 554 (2016) ("Defendant's petition, purportedly under
 
 N.C. Gen. Stat. § 1444
 
 (e), does not invoke any of the three grounds set forth in Appellate Rule 21 [.]"),
 
 stay granted
 
 , --- N.C. ----,
 
 794 S.E.2d 527
 
 (2016) (unpublished). We are, of course, also cognizant that "[w]here a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court."
 
 In re Appeal of Civil Penalty
 
 ,
 
 324 N.C. 373
 
 , 384,
 
 379 S.E.2d 30
 
 , 37 (1989). Thus, as a general rule, we are bound by prior opinions of this Court.
 

 "However, this Court has no authority to reverse existing Supreme Court precedent."
 
 Respess v. Respess
 
 ,
 
 232 N.C.App. 611
 
 , 625,
 
 754 S.E.2d 691
 
 , 701 (2014). "[I]t is elementary that we are bound by the rulings of our Supreme Court."
 
 Mahoney v. Ronnie's Rd. Serv.
 
 ,
 
 122 N.C.App. 150
 
 , 153,
 
 468 S.E.2d 279
 
 , 281 (1996),
 
 aff'd per curiam
 
 ,
 
 345 N.C. 631
 
 ,
 
 481 S.E.2d 85
 
 (1997). We have examined both
 
 Biddix
 
 and
 
 Ledbetter
 
 and conclude that these cases fail to follow the binding precedent established by
 
 Stubbs,
 
 and as a result, do not control the outcome in the present case. In this case, as in
 
 Stubbs
 
 , although defendant has a statutory right to apply for a writ of certiorari to obtain review of his sentence, Appellate Rule 21 does not include this circumstance among its enumerated bases for issuance of the writ. We find the present case to be functionally and analytically indistinguishable from that of
 
 Stubbs
 
 and hold that, pursuant to the opinion of our Supreme Court in
 
 Stubbs
 
 , this Court has jurisdiction to
 
 *797
 
 grant defendant's petition for a writ of certiorari. In the exercise of our discretion, we choose to grant his petition.
 

 III. Defendant's Right to Allocute at the Sentencing Hearing
 

 At the outset of defendant's sentencing hearing, his counsel informed the trial court that defendant wished to speak to the court prior to entry of judgment, and the court acknowledged defendant's request. However, the trial court subsequently terminated the sentencing hearing without affording defendant an opportunity to be heard. On appeal, defendant contends that he is entitled to a new sentencing hearing on the grounds that the trial court violated his right to speak on his own behalf at sentencing. For the reasons that follow, we agree with defendant.
 

 N.C. Gen. Stat. § 15A-1334(b) (2015) provides in relevant part that "[t]he defendant at the hearing may make a statement in his own behalf." This Court has previously noted that "[a]llocution, or a defendant's right to make a statement in his own behalf before the pronouncement of a sentence, was a right granted a defendant at common law."
 
 State v. Miller
 
 ,
 
 137 N.C.App. 450
 
 , 460,
 
 528 S.E.2d 626
 
 , 632 (2000). The United States Supreme Court has also emphasized the significance of this right, observing that "[t]he most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself."
 
 Green v. United States
 
 ,
 
 365 U.S. 301
 
 , 304,
 
 81 S.Ct. 653
 
 , 655,
 
 5 L.Ed.2d 670
 
 , 673 (1961).
 

 Our appellate cases have held that where defense counsel speaks on the defendant's
 
 *524
 
 behalf and the record does not indicate that the defendant asked to be heard, the statute does not require the court to address the defendant and personally invite him or her to make a statement. "[N.C. Gen. Stat. §] 15A-1334, while permitting a defendant to speak at the sentencing hearing, does not require the trial court to personally address the defendant and ask him if he wishes to make a statement in his own behalf."
 
 State v. McRae
 
 ,
 
 70 N.C.App. 779
 
 , 781,
 
 320 S.E.2d 914
 
 , 915 (1984) (citation omitted).
 

 However, a trial court's denial of a defendant's request to make a statement prior to being sentenced is reversible error that requires the reviewing court to vacate the defendant's sentence and remand for a new sentencing hearing. See
 
 Miller
 
 ,
 
 137 N.C.App. at 461
 
 ,
 
 528 S.E.2d at 632
 
 (" N.C. Gen. Stat. § 15A-1334(b) expressly gives a non-capital defendant the right to make a statement in his own behalf' at his sentencing hearing if the defendant requests to do so prior to the pronouncement of sentence. Because the trial court failed to do so, we must remand these cases for a new sentencing hearing.") (internal quotation omitted).
 

 *798
 
 Moreover, in certain factual circumstances, we have held that a trial court effectively denied a defendant the right to be heard prior to sentencing even when the court did not explicitly forbid the defendant to speak. For example, in
 
 State v. Griffin
 
 ,
 
 109 N.C.App. 131
 
 , 132,
 
 425 S.E.2d 722
 
 , 722 (1993), the trial court commented that it "would be a big mistake" to allow the defendant to speak at sentencing. On appeal, we held that "defense counsel could have reasonably interpreted the trial judge's statement to mean that the defendant would receive a longer sentence if he testified. Accordingly, we find that the defendant's right to testify under G.S. § 15A-1334(b) was effectively chilled by the trial judge's comment."
 
 Griffin
 
 ,
 
 109 N.C.App. at 133
 
 ,
 
 425 S.E.2d at 723
 
 . We vacated the defendant's sentence and remanded for a new sentencing hearing. Similarly, in
 
 McRae
 
 , the trial court informed defendant's counsel in advance of the sentencing hearing that the court intended to impose the same sentence on defendant as it had previously imposed on a codefendant. We held that the defendant was entitled to a new sentencing hearing:
 

 [W]e are not dealing here with the mere failure to issue an invitation to defendant to speak personally on his own behalf prior to sentencing. It is apparent from the facts that the trial court had decided the defendant's sentence a month prior to the date of the sentencing hearing held for defendant. By his actions the trial judge foreclosed any real opportunity for defendant or his counsel to present testimony relevant to the sentencing hearing[.] ... Where the trial judge may have been uninformed as to relevant facts because of his failure to afford the defendant a proper sentencing hearing ... we are restrained from saying defendant has not been prejudiced.
 

 McRae
 
 ,
 
 70 N.C.App. at 781
 
 ,
 
 320 S.E.2d at 915-16
 
 (citation omitted).
 

 Resolution of this issue requires examination of the transcript of the sentencing proceeding. At the outset of the hearing, defense counsel informed the trial court that defendant wanted the opportunity to address the court:
 

 DEFENSE COUNSEL: Yes, Your Honor. May it please the Court. Mr. Jones is 56 years old. I do want to tell you a little bit about his background. As you see there's no agreement with regard to sentencing.
 
 I would like to tell the Court a little bit about him and then he'd like to address the Court at the appropriate time, Your Honor.
 

 *799
 
 THE COURT:
 
 All right
 
 .
 

 (emphasis added).
 

 Defendant's counsel then spoke to the trial court about defendant's background, including his prior criminal record, employment history, and family background. When defendant's counsel informed the court that defendant had behaved well during the more than 1000 days he had been incarcerated prior to sentencing, the trial court interrupted and the following discussion ensued:
 

 DEFENSE COUNSEL: ... He's cooperated throughout with law enforcement. But everyone I [have] spoken to at the jail, everytime I [have] gone over to the jail,
 
 *525
 
 everybody knows Angelo, several of the jailers have said he's the best inmate we ever had, wished everybody was like him....
 

 THE COURT: So what you're telling me is he ought to stay in jail for the rest of his life-
 

 DEFENSE COUNSEL: No, Your Honor.
 

 THE COURT: -because when he's out-
 

 DEFENSE COUNSEL: No, Your Honor.
 

 THE COURT: -he raise[s] havoc, possessing stolen firearm, possess stolen firearm. It just goes on and on.
 

 DEFENSE COUNSEL: ... [T]hat's far from what I'm telling you and what I want the Court to infer. I do want you to take into consideration also the following things, of course with regard to the facts of the case, as you know he was not one of the persons who actually went to the door of the house. He tells me he did not have any idea there would be a gun much less a murder-
 

 THE COURT: How do you go rob people if you don't have a weapon?
 

 DEFENSE COUNSEL: I understand, Your Honor, but he did not have a weapon and tells me he did not know Percible Pettiford-Bynum had a weapon either-
 

 THE COURT: Two or more people joined together acting in concert present therewith-
 

 DEFENSE COUNSEL: We've talked about acting in concert.
 

 *800
 
 THE COURT: Felony murder.
 

 DEFENSE COUNSEL: Yes, sir.
 

 THE COURT:
 
 Listen, this man is not that innocent. He knows exactly what's going on
 
 .
 

 DEFENSE COUNSEL: I'm not trying to suggest that to the Court, Your Honor, nor is he.
 

 THE COURT:
 
 Is he ready for his time
 
 ?
 

 DEFENSE COUNSEL: Is it going to do me any good to tell you a little bit more about him?
 

 THE COURT: You can tell me whatever you want to tell me.
 

 (emphasis added).
 

 The transcript excerpt suggests both that the trial court held a negative opinion of defendant ("this man is not that innocent") and also that the court had decided on the sentence to impose ("Is he ready for his time?") prior to hearing from either the prosecutor or defendant. Thereafter, defense counsel offered testimony from a lead detective in the case, who spoke on defendant's behalf:
 

 DETECTIVE KEARNEY: Your Honor, I was involved in this case since day one ... and we were able to come [up] with no leads on this for more than a year, more than two years, until ... we were able to go to Mr. Jones and ever since day one he come clean with us and he provided us with our probable cause that did lead us to breaking this case wide open. Without his involvement or without him telling us the truth that we could corroborate, justice in this case would be delayed, possibly never even come to fruition. So we are grateful for his involvement. I'm aware of his past, but everytime we've come into contact with him and interviewed him on multiple occasions, myself, Detective Hendricks with Miss Ann, or Miss Kirby, we have been, he gave us information [we were] able to corroborate and [that led] to the arrest of other felons.
 

 At that point, the trial court interrupted, expressed frustration with the information that had been provided, and terminated the sentencing proceeding:
 

 *801
 
 THE COURT: What is it you all want me to do? You all taken this from first degree to robbery to burglary. You've taken it down to attempted armed robbery. Now
 
 what you all want me to do, give him a merit badge and send him home
 
 ? The statute doesn't even allow me to give him a merit badge and send him home. It's an active sentence. What do you all want to talk about?
 

 PROSECUTOR: Your Honor, I thought what [defense counsel] was referring to in our talks-
 

 THE COURT: Was he the man that Mr. Jones went to, sat down with, told what he wanted and then he said, yes? He went-is
 
 *526
 
 he the man that went out that has this record up to a Record Level VI-
 

 PROSECUTOR: Yes.
 

 THE COURT: -and goes out and recruits other people to come, who participates in the drive-by to try to see, who comes back a second time and
 
 you all want to paint him out like he's a choir boy
 
 .
 

 PROSECUTOR: No, Your Honor, the State's-
 

 THE COURT:
 
 I'm ready to give the judgment
 
 .
 

 PROSECUTOR: Yes, sir.
 

 THE COURT: Now is there anything else?
 

 PROSECUTOR: State would just say that he's been consistent since before he was, we ever had probable cause. His story has been consistent. He is the reason that we were, that they were able to solve the crime and it's generally you see a defendant give a statement of self-interest at first, particularly before any charges are taken out but this defendant did not. Just thought the Court would take that into account.
 

 THE COURT: There's no finding in aggravation and no finding in mitigation. The sentence that is imposed is within the presumptive range. Defendant has entered a plea of guilty to a Class D, maximum punishment is 201. He is a Record Level VI. Give him 128 months minimum, 163 months maximum in the North Carolina Department of Corrections. Next case.
 

 (emphasis added).
 

 *802
 
 Our review of the transcript shows that the trial court was informed that defendant wished to address the court and that the trial court acknowledged this request. However, during defense counsel's presentation, the court indicated that it had already decided how to sentence defendant. After hearing from a detective who had investigated the case, the trial court became impatient, asking if those present expected the court to give defendant "a merit badge" and accusing them of portraying defendant as "a choir boy." Immediately thereafter, the trial court pronounced judgment. We conclude that, on the facts of this case, defendant was denied the opportunity to be heard prior to entry of judgment. In reaching this conclusion, we have considered the cases cited by the State. However, we find them to be factually distinguishable, given that none of the cited cases address a situation in which the trial court first acknowledged an explicit request by the defendant to address the court and then abruptly entered judgment without giving the defendant an opportunity to speak.
 

 IV. Conclusion
 

 For the reasons discussed above, we hold that this Court has the authority to entertain a petition for issuance of a writ of certiorari by defendant in order to obtain review of his sentencing following his entry of a plea of guilty, and we elect to grant defendant's petition. We further conclude that defendant was denied the opportunity afforded him under N.C. Gen. Stat. § 15A-1334(b) to address the trial court prior to entry of judgment. As a result, his sentence must be vacated and this matter remanded for a new sentencing hearing.
 

 VACATED AND REMANDED FOR NEW SENTENCING HEARING.
 

 Chief Judge McGEE and Judge HUNTER, JR. concur.