ARROWOOD, Judge.
Donte Parker ("defendant") appeals from judgments entered on a plea agreement in which he pleaded guilty to two counts of habitual misdemeanor assault, one count of first degree burglary, and one count of habitual driving while impaired ("DWI"). For the following reasons, we affirm.
I. Background
A Pitt County Grand Jury returned numerous indictments against defendant throughout 2016. In April 2016, defendant was indicted for first degree burglary and assault with a deadly weapon inflicting serious injury. On 12 September 2016, defendant was indicted for assault on a female and habitual misdemeanor assault. On 5 December 2016, defendant was indicted for assault on a female and habitual misdemeanor assault. Defendant was also charged with DWI and habitual DWI in a bill of information.
On 17 April 2017, defendant pleaded guilty, pursuant to a plea agreement, in Pitt County Superior Court to two counts of habitual misdemeanor assault, one count of first degree burglary, and one count of habitual DWI. As a part of the plea agreement the State dismissed all of the other charges pending against defendant. Pursuant to the plea, the trial court found that defendant had a prior record level of VI and sentenced him to a term of 128 to 166 months for the two habitual misdemeanor assaults and first degree burglary, and a concurrent term of 33 to 49 months for habitual DWI.
On 26 April 2017, defendant sent a letter to the Clerk of Superior Court regarding the restitution in his cases and stated that he wanted to "put in an appeal so they can erase these payments that I shouldn't have." Defendant contended that he should not have to pay restitution for the charges that were dropped pursuant to his plea agreement. The court entered appellate entries on 1 May 2017 indicating defendant had given notice of appeal to this Court and appointed the appellate defender as counsel on 23 May 2017. On 29 December 2017, defendant filed a petition for writ of certiorari in this Court.
II. Discussion
On appeal, defendant challenges the facial validity of the first degree burglary indictment and the court's jurisdiction to enter judgment for habitual misdemeanor assault in file number 16 CRS 54467. However, before we reach those issues, we must first address whether defendant's appeal is properly before this Court.
Under North Carolina law, without statutory authority, a defendant typically has no right to appeal from a judgment entered upon a guilty plea. State v. Pimental, 153 N.C. App. 69, 72-73, 568 S.E.2d 867, 869, disc. review denied, 356 N.C. 442, 573 S.E.2d 163 (2002). N.C. Gen. Stat. § 15A-1444 is the "exclusive statutory authority for appeals in criminal proceedings." State v. Shoff , 118 N.C. App. 724, 725, 456 S.E.2d 875, 876-77 (1995). The statute, in pertinent part, provides:
(a1) A defendant who has been found guilty, or entered a plea of guilty or no contest to a felony, is entitled to appeal as a matter of right the issue of whether his or her sentence is supported by evidence introduced at the trial and sentencing hearing only if the minimum sentence of imprisonment does not fall within the presumptive range for the defendant's prior record or conviction level and class of offense. Otherwise, the defendant is not entitled to appeal this issue as a matter of right but may petition the appellate division for review of this issue by writ of certiorari.
(a2) A defendant who has entered a plea of guilty or no contest to a felony or misdemeanor in superior court is entitled to appeal as a matter of right the issue of whether the sentence imposed:
(1) Results from an incorrect finding of the defendant's prior record level under G.S. 15A-1340.14 or the defendant's prior conviction level under G.S. 15A-1340.21 ;
(2) Contains a type of sentence disposition that is not authorized by G.S. 15A-1340.17 or G.S 15A-1340.23 for the defendant's class of offense and prior record or conviction level; or
(3) Contains a term of imprisonment that is for a duration not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level.
N.C. Gen. Stat. § 15A-1444 (2017). There is no statutory right of appeal in defendant's case.
Notwithstanding the fact that defendant's appeal does not raise any issues that provide defendant with an automatic, statutory right to appeal, N.C. Gen. Stat. § 15A-1444(e) allows for a defendant to seek review through a petition for a writ of certiorari as follows:
(e) Except as provided in subsections (a1) and (a2) of this section ... the defendant is not entitled to appellate review as a matter of right when he has entered a plea of guilty or no contest to a criminal charge in the superior court, but he may petition the appellate division for review by writ of certiorari ....
....
(g) Review by writ of certiorari is available when provided for by this Chapter, by other rules of law, or by rule of the appellate division.
N.C. Gen. Stat. § 15A-1444. Rule 21 governs the writ of certiorari and states,
[t]he writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action, or when no right of appeal from an interlocutory order exists, or for review pursuant to N.C. [Gen. Stat.] § 15A-1422(c)(3) of an order of the trial court ruling on a motion for appropriate relief.
N.C.R. App. P. 21(a)(1) (2018).
In State v. Stubbs , 368 N.C. 40, 770 S.E.2d 74 (2015), our Supreme Court stated that the Court of Appeals has "appellate jurisdiction as the General Assembly may prescribe," and that it "ha[d] jurisdiction to hear an appeal by the State" challenging the trial court's order granting defendant's motion for appropriate relief, notwithstanding the defendant's argument that the State's appeal could not be granted under Rule 21 of the Rules of Appellate Procedure. Id. at 42, 43, 770 S.E.2d at 75, 76. The Court disagreed with the defendant's argument that the State could not "appeal an order of a trial court granting a motion for appropriate relief" and stated that under Rule 1 of the Rules of Appellate Procedure, the Rules-particularly Rule 21-are not to be interpreted as limiting the jurisdiction of the Court of Appeals. Id. at 43-44, 770 S.E.2d at 76 (emphasis omitted) ("Therefore, while Rule 21 might appear at first glance to limit the jurisdiction of the Court of Appeals, the Rules cannot take away jurisdiction given to that court by the General Assembly in accordance with the North Carolina Constitution.").
In State v. Jones , --- N.C. App. ----, 802 S.E.2d 518 (2017), this Court interpreted the holding in Stubbs to mean that the North Carolina General Assembly "expressly granted the Court of Appeals jurisdiction to issue a writ of certiorari" when the General Assembly enacted N.C. Gen. Stat. § 7A-32(c) (2015). Jones , --- N.C. App. at ----, 802 S.E.2d at 521. That statute states:
The Court of Appeals has jurisdiction, exercisable by one judge or by such number of judges as the Supreme Court may by rule provide, to issue the prerogative writs, including ... certiorari, ... in aid of its own jurisdiction, or to supervise and control the proceedings of any of the trial courts of the General Court of Justice .... The practice and procedure shall be as provided by statute or rule of the Supreme Court, or, in the absence of statute or rule, according to the practice and procedure of the common law.
N.C. Gen. Stat. § 7A-32(c) (2017).
This Court recognized in Jones that the State was correct that the defendant's petition was not based on any of the criteria listed in either N.C. Gen. Stat. § 15A-1444 or N.C.R. App. P. 21(a)(1). Jones , --- N.C. App. at ----, 802 S.E.2d at 521-22. However, the Court held that, "pursuant to the opinion of our Supreme Court in Stubbs , this Court has jurisdiction to grant defendant's petition for a writ of certiorari. In the exercise of our discretion, we choose to grant his petition." Id. at ----, 802 S.E.2d at 523.
The State contends that because defendant "is not seeking review for one of the above-mentioned instances [in Rule 21 ], defendant's request for this Court's discretionary writ of certiorari should be denied." The State relies on this Court's decision in State v. Biddix , 244 N.C. App. 482, 780 S.E.2d 863 (2015). In Biddix, this Court analyzed a defendant's petition for writ of certiorari for the review of his guilty plea. This Court began the analysis under N.C. Gen. Stat. § 15A-1444 and held that the defendant's alleged issues were not within the grounds listed for appeal in the statute, then examined Rule 21 and Rule 2, and concluded that the defendant's appeal did "not invoke any of the three grounds set out in Appellate Rule 21(a)(1)." Id. at 486, 780 S.E.2d at 866. The Court explained that it would not use Rule 21 to review the defendant's case and Rule 2 would not be invoked because the defendant had not shown the "exceptional circumstances" required for the Court to "suspend the requirements of Rule 21 to issue the writ to reach the merits of [d]efendant's argument by certiorari." Id. at 489, 780 S.E.2d at 868.
The State contends that the case at hand is analogous to Biddix because here defendant is also petitioning for review of his guilty plea, the petition does not include the three grounds for invocation of Rule 21, and defendant has not demonstrated the "exceptional circumstances" needed for Rule 2. However, this Court in Jones explained why Biddix was not applicable. Jones, --- N.C. App. at ----, 802 S.E.2d at 523 ("We have examined both Biddix and Ledbetter and conclude that these cases fail to follow the binding precedent established by Stubbs , and as a result, do not control the outcome in the present case.").
Moreover, defendant cites State v. Blount , 209 N.C. App. 340, 703 S.E.2d 921 (2011), which noted that "[a]lthough the State contends that defendant waived appellate review of this issue by pleading guilty, it is well established that a defendant may challenge the sufficiency of the indictment despite having knowingly and voluntarily pled guilty to the charge." Id. at 343, 703 S.E.2d at 924 ; see also State v. McGee , 175 N.C. App. 586, 587, 623 S.E.2d 782, 784 (2006) ("By knowingly and voluntarily pleading guilty, an accused waives all defenses other than the sufficiency of the indictment."). This Court in Blount stated that, "[w]here, as here, 'an indictment is alleged to be invalid on its face, thereby depriving the trial court of its jurisdiction, a challenge to that indictment may be made at any time, even if it was not contested in the trial court.' " Blount, 209 N.C. App. at 343, 703 S.E.2d at 924 ; (quoting State v. Wallace , 351 N.C. 481, 503, 528 S.E.2d 326, 341, cert. denied , 531 U.S. 1018, 148 L.Ed. 2d 498 (2000) ).
In Blount , the defendant accepted a plea deal and later appealed on the grounds that the indictments were facially invalid. This Court granted certiorari, notwithstanding the fact that all of the defendants had accepted plea deals, on the basis that a defendant has a right to appeal when an indictment is alleged to be facially invalid.
In keeping with Stubbs, Jones, and Blount , we exercise our discretion and allow defendant's petition for writ of certiorari to review the merits of his appeal.
1. First Degree Burglary Indictment
The standard of review in this Court for the sufficiency of an indictment is de novo . State v. McKoy , 196 N.C. App. 650, 652, 675 S.E.2d 406, 409 (2009). "A criminal indictment is sufficient if it expresses 'the charge against the defendant in a plain, intelligible, and explicit manner.' Specifically, the indictment must allege all of the essential elements of the crime sought to be charged." State v. Westbrooks , 345 N.C. 43, 57, 478 S.E.2d 483, 492 (1996) (internal citation omitted); see N.C. Gen. Stat. § 15A-924(a)(5) (2017) (A bill of indictment must contain: "A plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant or defendants of the conduct which is the subject of the accusation."). "An indictment or criminal charge is constitutionally sufficient if it apprises the defendant of the charge against him with enough certainty to enable him to prepare his defense and to protect him from subsequent prosecution for the same offense. The indictment must also enable the court to know what judgment to pronounce in the event of conviction." State v. Coker , 312 N.C. 432, 434-35, 323 S.E.2d 343, 346 (1984). An indictment will be considered fatally defective "when the indictment fails on the face of the record to charge an essential element of the offense." State v. Bartley , 156 N.C. App. 490, 499, 577 S.E.2d 319, 324 (2003).
"The offense of first degree burglary consists of (1) a breaking (2) and entering, (3) in the nighttime, (4) into the dwelling house or sleeping apartment of another, (5) which is actually occupied at the time of the offense, (6) with the intent to commit a felony therein." State v. Allah , 231 N.C. App. 88, 92, 750 S.E.2d 903, 907 (2013). The "[i]ntent to commit a felony is an essential element of burglary." Id. "Although a breaking and entering indictment is not required to state the specific felony a defendant intended to commit, when the indictment alleges an intent to commit a particular felony, the State must prove the particular felonious intent alleged [.]" State v. Ly , 189 N.C. App. 422, 430, 658 S.E.2d 300, 306 (2008) (internal citation and quotation marks omitted).
The first degree burglary indictment for defendant states:
[O]n or about the 10th day of October, 2015, in the County named above the defendant named above unlawfully, willfully and feloniously during the nighttime did break and enter the dwelling house of Victor Wayne Person located at 590 Sands Road, Greenville, North Carolina.
At the time of the breaking and entering the dwelling house was actually occupied by Victor Wayne Person and Cindy Faye Polland. The defendant broke and entered the dwelling house with the intent to commit a felony therein: Assault with a Deadly Weapon, in violation of G.S. 14-51.
Defendant contends that the indictment is facially invalid because the indictment required the State to prove that defendant "intended to commit an Assault with a Deadly Weapon at the time he broke and entered the dwelling house." Defendant notes that the offense of Assault with a Deadly Weapon is considered a misdemeanor in North Carolina, and that because First Degree Burglary "requires an intent to commit a felony, the indictment was invalid because it alleged an offense that was 'not cognizable at law' " and that the indictment did not properly "allege all the constituent elements of the offense charged." Based on this, defendant contends that the trial court did not have jurisdiction over the case at hand and that the judgment should be vacated.
The State asserts that defendant's indictment for first degree burglary properly charged him because the indictment asserted facts to support each element of the offense and alleged that defendant had the "intent to commit ... assault with a deadly weapon inflicting serious injury" which was specified in Count II in the indictment, and there was "no requirement to allege the underlying felony in the indictment." The State argues, "it is well established now that a first degree burglary indictment is valid as long as the indictment meets the requirements of N.C. [Gen. Stat.] § 15A-924(a)(5)."
The State cites State v. Worsley , 336 N.C. 268, 443 S.E.2d 68 (1994) and State v. Clagon , 207 N.C. App. 346, 700 S.E.2d 86 (2010), to support the contention that the State "was not required to specify the underlying felony that defendant intended to commit for purposes of the first degree burglary."
Moreover, Count II in the indictment is labeled "Assault with a Deadly Weapon," but specifically alleges the requirements for Assault with a Deadly Weapon Inflicting Serious Injury, which is a felony offense. The elements for assault with a deadly weapon inflicting serious injury are: "(1) an assault (2) with a deadly weapon (3) inflicting serious injury , (4) not resulting in death." State v. Aytche , 98 N.C. App. 358, 366, 391 S.E.2d 43, 47 (1990) (emphasis added); see also N.C. Gen. Stat. § 14-32(b) (2017). The portion of the indictment labeled "Assault with a Deadly Weapon" states that defendant "unlawfully, willfully and feloniously did assault Victor Wayne Person with a baseball bat, a deadly weapon, inflicting serious injury , in violation of G.S. 14-32(B)." (Emphasis added). Because the indictment included the element of inflicting serious injury, when looking at the indictment as a whole, it is clear that the heading "Assault with a Deadly Weapon" would more properly have read "Assault with a Deadly Weapon Inflicting Serious Injury."
Although defendant contends that "Assault with a Deadly Weapon" is now a misdemeanor, the indictment taken as a whole alleges "all of the essential elements of the crime sought to be charged" and contains a "plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of a criminal offense and the defendant's commission thereof." The indictment is valid.
2. Jurisdiction to Enter Judgment
Defendant also contends the court did not have jurisdiction to enter judgment on habitual misdemeanor assault in case number 16 CRS 54467 because the underlying charge for assault on a female was dismissed pursuant to the plea agreement making the indictment facially invalid because it lacks an essential element of the habitual misdemeanor assault charge.
The North Carolina habitual misdemeanor assault statute, N.C. Gen. Stat. § 14-33.2, states:
A person commits the offense of habitual misdemeanor assault if that person violates any of the provisions of G.S. 14-33 and causes physical injury, or G.S. 14-34, and has two or more prior convictions for either misdemeanor or felony assault, with the earlier of the two prior convictions occurring no more than 15 years prior to the date of the current violation. A conviction under this section shall not be used as a prior conviction for any other habitual offense statute. A person convicted of violating this section is guilty of a Class H felony.
N.C. Gen. Stat. § 14-33.2 (2017). Under N.C. Gen. Stat. § 14-33(c)(2), a male defendant will be charged with a Class A1 misdemeanor of assault on a female if he assaults a female while he is at least 18 years old, "[u]nless the conduct is covered under some other provision of law providing greater punishment." N.C. Gen. Stat. § 14-33(c)(2) (2017).
A charge of habitual misdemeanor assault that arises from assault on a female requires that: "(1) defendant was convicted of two previous misdemeanor [or felony] assaults ...; (2) defendant assaulted [a female] ...; and (3) the assault[ ] caused physical injuries." State v. Garrison , 225 N.C. App. 170, 174, 736 S.E.2d 610, 613 (2013).
Defendant argues that his case is similar to State v. Barnes , 153 N.C. App. 811, 571 S.E.2d 87 (2002) (unpublished), available at 2002 WL 31462776. In Barnes , the defendant was charged with multiple offenses and also obtained habitual felon status. Id . at *1. Pursuant to the plea agreement, all of the additional charges were dismissed and the defendant only had to plead to being an habitual felon. Id. This Court held that the lower court should not have entered judgment on the habitual felon charge because there was no "predicate felony conviction for which [the defendant] could be sentenced as an habitual felon." Id. Barnes is distinguishable from this case because defendant's conviction is for habitual misdemeanor assault, which specifically indicates the habitual offense and remedies the problem of not identifying the "predicate conviction."
The State argues that the Court "could not sentence defendant in this case for both the habitual misdemeanor assault conviction and the underlying assault on a female misdemeanor in file number 16 CRS 54467." The State contends that the court properly dismissed the assault on a female charge because defendant's conviction was "properly upgraded to habitual misdemeanor assault." The State relies on State v. Jamison , 234 N.C. App. 231, 758 S.E.2d 666 (2014), and State v. Jones, 237 N.C. App. 526, 767 S.E.2d 341 (2014), to support the contention that a court cannot punish a defendant for both habitual misdemeanor assault and assault on a female when the conduct at issue is punishable by a "higher class of assault." Jamison , 234 N.C. App. at 239, 758 S.E.2d at 671 ; Jones, 237 N.C. App. at 532, 767 S.E.2d at 345 ("Assault on a female can be upgraded pursuant to N.C. Gen. Stat. § 14-33.2 (2013), to a felony where the defendant has prior assault convictions as set forth in that statute."). In both Jamison and Jones , this Court reversed the lower court's rulings charging a defendant for both habitual misdemeanor assault and assault on a female and, instead, based on the prefatory clause in N.C. Gen. Stat. § 14-33(c)(2), instructed the court to only charge the defendant for the higher offense-habitual misdemeanor assault.
We find Jamison and Jones to be controlling. Therefore, we hold the trial court did not err in dismissing the underlying assault on a female charge pursuant to the plea agreement and entering judgment on defendant's guilty plea to habitual misdemeanor assault in file number 16 CRS 54467.
III. Conclusion
In our discretion, we grant defendant's Petition for Writ of Certiorari. Upon review we find no merit in the issues raised by defendant.
AFFIRMED.
Report per Rule 30(e).
Judge Dillon concurs.
Judge Dietz concurs in a separate opinion.